

Haug Partners LLP
One Post Office Square
Boston, MA 02109
+1.617.426.6800 Main
haugpartners.com

October 24, 2018

Joshua S. Barlow
jbarlow@haugpartners.com

**VIA ECF FILING**

The Honorable Alison D. Burroughs
U.S. District Court for the District of
Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA  02110

Re:     *In re Intuniv Antitrust Litigation*, Lead Case No. 16-civ-12653 (Direct Purchasers)

Dear Judge Burroughs:

I write on behalf of defendants Shire LLC and Shire US Inc. (collectively, "Shire") to request that the Court issue an Order compelling direct purchaser plaintiff Rochester Drug Co-Operative, Inc. ("RDC") to: (i) make a representative of RDC available to be deposed at a date and time agreeable to defendants; and (ii) produce within 10 days all documents in RDC's possession, custody, or control responsive to Shire's First Requests for the Production of Documents (the "RFPs" or "Requests") Nos. 19, 23, 26, 27, 30, and 32.  Defendants served a Notice for the Deposition of RDC pursuant to F.R.C.P. 30(b)(6) in August, 2018.[1]  RDC's counsel has failed to respond in any way to defendants' multiple requests to set a date and time for that deposition.  In addition, Shire was made aware only yesterday that RDC inappropriately constrained its search for documents responsive to Shire's RFPs, leaving Shire without any documents responsive to many of its Requests.  In light of the imminent close of fact discovery and RDC's failure to comply with Shire's requests that it immediately remedy these deficiencies, Shire seeks the Court's intervention.

## I.     Background

RDC entered this case late, in March of 2018 (*see* D.I. Nos. 150-53), but agreed to timely re-spond to the same discovery requests that Shire served on fellow direct purchaser plaintiff FWK Holdings, LLC.  RDC served its Responses to Shire's RFPs on April 26, 2018.[2]  In those responses, RDC agreed to produce numerous categories of responsive documents and referenced a forthcoming document production.  The parties had previously agreed, and the Court ordered, that all parties would substantially complete the production of documents by April 30, 2018.  Amended Scheduling Order (D.I. 146).   Shire never sought, nor expected, RDC to comply with that date, but it did expect RDC to work in good faith to quickly complete its production.  Given the timing, and the fact that Shire had no substantial concerns with RDC's Responses at that time, Shire did not seek to challenge those responses and did not request a meet and confer.

---

[1] A copy of defendants' Notice of Deposition of RDC, dated August 24, 2018, is attached hereto as <u>Exhibit A</u>.
[2] A copy of RDC's Responses to Shire's Requests, dated April 26, 2018, are attached hereto as <u>Exhibit B</u>.



To Shire's disappointment, RDC did not produce documents following its Responses to Shire's RFPs.  On August 2, 2018, Shire's counsel reached out to RDC's counsel concerning the status of RDC's document production.[3]  Shire requested production by August 10, 2018.  *Id*.  RDC's response indicated that RDC had not even initiated its search for responsive documents.[4]  Shire asked that RDC produce all of its responsive documents by August 24, 2018, and RDC agreed to produce documents by August 29, 2018.[5]  On August 29, 2018, ***over four months after*** serving its Responses to Shire's RFPs, RDC produced documents.  As explained further below, numerous categories of documents that RDC agreed to produce are missing from its production.

On October 22, 2018, Shire contacted RDC's counsel concerning specific deficiencies with RDC's document production, including the complete absence of, *inter alia*, documents responsive to the following of Shire's RFPs:

- Request No. 19, seeking documents "concerning competition, substitution, interchangeability, or potential substitution between and among Intuniv, Generic Intuniv, and any other drugs indicated for the treatment of ADHD;"

- Request No. 23, seeking documents "concerning the effect, if any, that the availability of an authorized generic product has on the AWP/SWP and/or WAC price of generics of that product;"

- Requests Nos. 26 and 27 seeking documents "concerning contracts and/or agreements between [RDC] and any other company related to the purchase or sale of Intuniv, Generic Intuniv, or any other drugs indicated for the treatment of ADHD" and "contractual negotiations" related thereto;

- Request No. 30, seeking documents "concerning [RDC's] policies, procedures, plans, or strategies for purchasing generic pharmaceuticals when they become available; [and]"

- Request No. 32, seeking "opinions, comparisons, studies, or analyses describing any practice, custom, or policy of selling pharmaceuticals on a cost-plus basis."[6]

RDC's October 23, 2018 response confirmed that RDC did not withhold responsive documents, and produced to Shire the documents that RDC retrieved through its search.[7]  RDC also informed Shire that RDC had limited its search to documents collected from an unidentified custodian

---

[3] *See* Letter from D. Shotlander to A. Steinfeld, dated August 2, 2018, a copy of which is attached hereto as <u>Exhibit C</u>.
[4] See Letter from A Steinfeld to D. Shotlander, dated August 6, 2018, a copy of which is attached hereto as <u>Exhibit D</u>.
[5] *See* e-mail chain between D. Shotlander and A. Steinfeld, dated August 22, 2018, a copy of which is attached hereto as <u>Exhibit E</u>.
[6] Letter from J. Barlow to A. Steinfeld, dated October 22, 2018, a copy of which is attached hereto as <u>Exhibit F</u>.
[7] Letter from A. Steinfeld to J. Barlow, dated October 23, 2018, a copy of which is attached hereto as <u>Exhibit G</u>.



or custodians that contained the terms "Intuniv" or "gaunfacine," which limitations RDC believed were agreed to by the parties. *Id*. No such agreement was ever reached and the absence of several complete categories of documents raises serious issues with RDC's search. Shire responded to RDC on October 23, 2018 requesting that RDC explain and expand its search, but Shire has not received a response.[8]

On August 24, 2018, defendants served RDC, through counsel, with a 30(b)(6) Deposition Notice. Ex. A. Defense counsel recently reached out to RDC in order to set a date and time for the deposition.[9] After three attempts to elicit a response from RDC its counsel had still remained silent. *Id*. As of the date of this filing, RDC has not responded to the initial Deposition Notice, nor any of defendants' follow-up e-mails.

## II.   Argument

### A.  The Court Should Compel RDC to Appear for a Deposition

RDC's counsel has ignored defendants' numerous requests to establish an agreed date and time for the deposition of RDC's corporate representative(s) pursuant to F.R.C.P. 30(b)(6). Defendants served the Notice on August 24, 2018 with the deposition to take place on "a date and time to be agreed upon by the parties." Ex. A. Since that time, Defendants have proposed numerous dates to RDC's counsel and requested that, in the event the dates are not feasible for any reason, RDC respond by proposing alternate dates. Ex. I. RDC's counsel has not responded to defendants' requests as of the filing of this letter. Fact discovery is now closed and it is entirely inequitable for defendants to suffer the prejudice of not being able to depose a class representative in this matter by virtue of their own refusal to cooperate and abide by the applicable rules. Defendants are entitled to take RDC's deposition and now, unfortunately, require the Court's intervention to see that the deposition occurs as soon as possible.

### B.  The Court Should Compel RDC to Complete a Reasonable Search for Documents Responsive to Shire's Requests

The issue at hand regarding the scope of RDC's production of documents in response to Shire's RFPs is a simple one – has RDC done enough to discharge its duty under the Federal Rules of Civil Procedure to conduct a reasonable search for documents responsive to Shire's Requests Nos. 19, 23, 26, 27, 30, and 32. It has not; the Court should compel RDC to conduct a more comprehensive search for materials responsive to those Requests.

As a threshold matter, it is important to note what is ***not*** now disputed. As RDC recently clarified in its letter to Shire dated October 23, 2018 (Ex. G), RDC is ***not*** withholding materials responsive to Shire's Requests Nos. 19, 23, 26, 27, 30, and 32 on the basis of its boilerplate general

---

[8] Letter from J. Barlow to A. Steinfeld, dated October 23, 2018, a copy of which is attached hereto as <u>Exhibit H</u>.
[9] E-mail chain among counsel, dated October 22, 2018, a copy of which is attached hereto as <u>Exhibit I</u>.



and specific objections.  Nor is RDC, based on its recent correspondence with Shire, limiting its search for materials responsive to Shire's RFPs on the basis of those objections.  *See id*.  All that is in dispute is the sufficiency of RDC's search for responsive materials to date.

RDC says its search was adequate and "agreed-to," but no such agreement was struck. Months after RDC was supposed to have completed its production of documents, it finally undertook a search for materials responsive to Shire's RFPs and informed Shire's counsel that it would do so according to search parameters defendants purportedly agreed to with another direct purchaser plaintiff class representative.  Ex. D.  Shire never agreed that RDC's search for documents maintained by certain custodians (which RDC has ***still not identified***) using only the terms "Intuniv" and "guanfacine"[10] constituted all that was required of RDC under the rules.  *See id* and Ex. E.

Indeed, the scope of RDC's search, which is, at best, still shrouded in mystery, is woefully insufficient.  Its production, for example, appears to contain absolutely no documents responsive to the majority of Shire's RFPs, including Requests Nos. 19, 23, 26, 27, 30, and 32.  This is not surprising given that RDC apparently limited its document collection to electronically searchable media from undisclosed sources that happened to contain the terms "Intuniv" and "guanfacine." *See* Exs. D, G.  Shire had no reason to expect that many of the highly relevant documents defendants seek contain those terms, including, for example, documents regarding RDC's general business practices relevant to this matter or its agreements with suppliers and customers (*e.g.*, RFP No. 26, seeking "agreements between [RDC] and any other company related to the purchase or sale of Intuniv, Generic Intuniv, or any other drugs indicated for the treatment of ADHD" or RFP No. 30, seeking "[RDC's] policies, procedures, plans, or strategies for purchasing generic pharmaceuticals").

RDC must do more to satisfy its obligation to undertake a reasonable search for documents responsive to Shire's RFPs and to inform defendants of the nature of that search.  *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004) (counsel is obligated to ensure that "all sources of discoverable information are identified and searched"); "The Case for Cooperation," 10 Sedona Conf. J. 339, 339 (2009) ("The cooperative nature of discovery requires . . . that, rather than evading their production obligations, parties communicate candidly enough to identify the appropriate boundaries of discovery.").  RDC's search should, at a minimum, include a broader electronic document collection from custodians the parties can agree upon and additional non-custodial searches (*i.e.*, targeted searches of electronic and hardcopy documents at the direction of those knowledgeable of the subject matter at-issue regardless of the custodian of those materials) for discrete sets of materials responsive to Shire's Requests Nos. 19, 23, 26, 27, 30, and 32.  Doing so will not cause RDC to incur a substantial burden given the targeted nature of the RFPs identified herein and the very limited subset of the original 42 RFPs Shire now seeks to compel RDC to comply with.

---

[10] Guanfacine is the active ingredient in Intuniv®.



**III.     Conclusion**

For all the foregoing reasons, the Court should grant Shire's requests set forth herein and is-sue an order compelling RDC to: (i) make a representative of RDC available to be deposed at a date and time agreeable to defendants; and (ii) produce within 10 days all documents in RDC's possession, custody, or control responsive to Shire's RFPs Nos. 19, 23, 26, 27, 30, and 32.[11]

Shire thanks the Court for its attention to this matter.

Very truly yours,

*/s/ Joshua S. Barlow*

CC: All counsel of record (via e-mail)

---

[11] Shire is filing this letter today, in part, because today marks the close of discovery.  To the extent that RDC cures its document production deficiencies, or complies with the 30(b)(6) Deposition Notice, Shire will update the Court and sup-plement or withdraw this letter, as appropriate.