UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION | Civil Action No. 16-cv-12653-ADB (Direct) |

# MEMORANDUM AND ORDER CONCERNING DISCOVERY INTO THE EFFECT OF AUTHORIZED GENERICS ON REBATES OWED TO MEDICAID

BURROUGHS, D.J.

This case concerns allegations that Defendants settled patent litigation concerning the ADHD drug Intniv on anticompetitive terms. Essentially, Plaintiffs claim that Defendants engaged in sham litigation over Intuniv, and then settled that litigation on terms that delayed competition for both brand Intuniv, manufactured by Shire, and generic Intuniv, manufactured by Actavis.

Before the Court is a request from the Direct Purchaser Plaintiffs ("DPPs") for an order compelling Shire to undertake a search of the custodial files of Matthew Collins for documents responsive to Plaintiffs' Requests for Production 78–93 ("RFPs") [ECF No. 204-8 at 93–110] and permitting Plaintiffs to depose Mr. Collins individually and as a 30(b)(6) designee concerning Medicaid rebates. [ECF No. 194]. RFPs 78–93 relate, at least loosely, to the effect of Shire selling authorized generics on the calculation of rebates owed by Shire to Medicaid. The DPPs claim that Medicaid pricing requirements, combined with other market factors, rendered a provision of the underlying settlement that granted Shire the right to launch an authorized generic Intuniv illusory.

## I. DISCUSSION

The parties to this case were ordered to substantially complete production of documents responsive to requests served prior to January 1, 2018 by April 30, 2018, and the deadline to complete fact discovery in this case was October 24, 2018, a date that has already been extended multiple times. [ECF No. 183]. The parties exchanged information and agreed on custodians in accordance with the ESI Protocol. See [ECF No. 98 § IV.B]. Mr. Collins was not one of the agreed Shire custodians.

Rule 30(b)(6) permits a deposition subpoena to be served on an entity. So long as the scope of the deposition topics are reasonable, the entity must designate "officers, directors, or managing agents," or "other persons who consent to testify on its behalf." "The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). In response to a 30(b)(6) deposition notice setting forth 26 topics, Shire designated Mr. Collins as the 30(b)(6) deponent for Shire's "compliance with statutes and regulations concerning rebates to be paid on sales of products reimbursed through Medicaid programs," and the parties scheduled his 30(b)(6) deposition for October 19, 2018.

There was no obligation on Shire to search Mr. Collin's files merely because he was selected as a 30(b)(6) designee.[1] Shire has acknowledged, however, that it agreed to perform non-custodial searches in response to RFPs 79–93, see [ECF No. 204-8 at 146], and it produced 17 unique documents on October 2, 2018 that were responsive to certain of RFPs 79–93. Shire acknowledges that this production was delayed by an administrative oversight and personnel

---

[1] Having selected Mr. Collins as its 30(b)(6) designee for the Medicaid rebate topic and having agreed to undertake non-custodial searches for documents responsive to RFPs 79–93, it was obviously advisable for Shire to discuss documents associated with the deposition topic with Mr. Collins and to ensure that documents responsive to the RFPs and relevant to his deposition topic were produced in advance of the deposition.

issues. The DPPs were displeased with the production and search methodology that lead to the selection of documents—which in essence consisted of asking Mr. Collins for documents responsive to the requests and then reviewing and producing the documents he came up with—and cancelled the scheduled deposition on the day before it was scheduled to occur.

The Court is inclined to find the document search inadequate, particularly considering the limited number of documents that were produced shortly prior to the scheduled 30(b)(6) deposition of Mr. Collins. On the other hand, Plaintiffs have not offered a reasonable set of search terms,[2] and because the topic concerns rebates on products reimbursed through Medicaid generally, rather than for the authorized generic for Intuniv specifically, it is not clear what set of search terms would target responsive documents. Additionally, Plaintiffs could have more vigorously pursued the topic, rather than waiting for the closing days of fact discovery to raise the issue with the Court. In sum, both the DPPs and Shire are at fault for the untimely discovery dispute and the fact that the Court has not been provided with enough information to craft a remedy.

## II. CONCLUSION

The parties shall do as follows:

1. Depositions of Mr. Collins both as a 30(b)(6) designee for the relevant topic and in his personal capacity shall be scheduled for a mutually agreeable day before the end of 2018. The combined tape time of the 30(b)(6) and personal capacity depositions shall be no longer than seven hours.

2. Shire shall discuss with Mr. Collins whether he possesses, or has access to, any additional documents responsive to RFPs 78–93, as reasonably narrowed by Shire's responses and objections to those RFPs and the parties' subsequent discussions.

---

[2] The DPPs requested that Mr. Collins' files be searched using "Intuniv" and "guanfacine" as search terms, but it is not clear whether they would view that as sufficient, and the DPP's made that proposal in correspondence between the parties, not in their letter to the Court. [ECF No. 204-8 at 143–144].

3. Shire's attorneys shall review and produce any non-privileged documents that Mr. Collins can identify at least ten days prior to his deposition.

**SO ORDERED.**

November 27, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE