UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re INTUNIV ANTITRUST LITIGATION | * * * * * * * * * | Civil Action No. 16-cv-12653-ADB (Direct) |

# MEMORANDUM AND ORDER
# CONCERNING DISCOVERY FROM ROCHESTER DRUG CO-OPERATIVE

BURROUGHS, D.J.

This case concerns allegations that Defendants settled patent litigation concerning the ADHD drug Intniv on anticompetitive terms. Essentially, Plaintiffs claim that Defendants engaged in sham litigation over Intuniv, and then settled that litigation on terms that delayed competition for both brand Intuniv, manufactured by Shire, and generic Intuniv, manufactured by Actavis.

Before the Court are discovery requests raised by both Plaintiff Rochester Drug Co-Operative, Inc. ("RDC") and Defendants Shire LLC and Shire US Inc. ("Shire"). Shire requests an order compelling RDC to (i) make a representative of RDC available to be deposed pursuant to Federal Rule of Civil Procedure 30(b)(6), and (ii) produce all documents in RDC's possession, custody, or control responsive to Shire's First Requests for Production of Documents ("RFPs") 19, 23, 26, 27, 30, and 32. [ECF Nos. 195, 195-2]. RDC requests a protective order prohibiting Shire from questioning RDC at its 30(b)(6) deposition about investigations into alleged violations of the Controlled Substances Act, conduct underlying the alleged violations, and

allegations of unlawful conduct involving RDC's former CEO and its acting CEO that are currently the subject of litigation in the Western District of New York. [ECF No. 206].

I. **DISCUSSION**

RDC became a party to this dispute in March 2018 and served responses and objections to the RFPs on April 26, 2018. [ECF No. 195-2]. On August 6, 2018, RDC informed Shire that it would use the terms "Intuniv" and "guanfacine" to search for documents responsive to the requests. [ECF No. 206-3]. Shire did not object to the use of those terms in response to the August 6 letter, and Shire produced documents responsive to the RFPs on August 19, 2018. On August 24, 2018, Shire noticed a 30(b)(6) deposition of RDC, but the parties have been unable to find an agreeable date and time. [ECF No. 206-1]. On October 22, 2018—two days prior to the close of fact discovery—Shire claimed it could not find documents responsive to its RFPs 19, 23, 26, 27, 30, and 32 in RDC's August production.

1. **Shire's Requests**

The deadline to complete fact discovery in this case was October 24, 2018, and Shire filed the letter to the Court with its instant requests on that date. Shire faults RDC for failing to respond to its 30(b)(6) deposition notice and with limiting its searches for documents responsive to the RFPs to those with the words "Intuniv" or "guanfacine" in the absence of Shire's agreement that those terms were adequate. RDC argues in response that Shire's letter was procedurally deficient because Shire failed to comply with Local Rule 37.1(a).

As an initial matter, considering RDC's failure to offer dates for its 30(b)(6) deposition, requested in effect by Shire's August 24, 2018 deposition notice, and the need to bring fact discovery to a close in this case, the Court will address the issues raised by Shire's letter.

As a representative of the putative class of direct purchaser plaintiffs, a 30(b)(6) deposition of RDC is appropriate in this case. Defendants' opposition to Plaintiffs' motion for class certification is due January 7, 2019, and Defendants must be afforded sufficient time to incorporate information from RDC's 30(b)(6) deposition into their opposition to class certification. By November 28, 2018, RDC shall declare two dates on which its designee(s) will be available to begin giving testimony pursuant to the 30(b)(6) deposition notice. Both dates must be on or before December 21, 2018. Within 48 hours, Shire will select one of those dates and the deposition will commence on that date.

With respect to the RFPs, RDC and Shire share blame for the current predicament. It took RDC more than four months to produce documents in response to the RFPs. For its part, Shire failed to raise any objection to RDC's search terms until the closing days of discovery, despite having received notice that RDC would use the terms that Shire now claims are insufficient two months earlier. RDC is hereby ordered to make a reasonable effort to locate any documents responsive to RFPs 19, 23, 26, 27, 30, and 32 that do not contain the terms "Intuniv" or "guanfacine." RDC shall produce those documents seven days prior to the date of the 30(b)(6) deposition discussed herein.

2. **RDC's Requests**

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Under the Federal Rules of Civil Procedure, class members may serve as class representatives only if they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Although "the First Circuit has never held that the adequacy requirement turns on a plaintiff's criminal history" and there is "a fairly high threshold for

finding class representatives inadequate," Dvornikov v. Landry's Inc., No. 15-CV-13286-ADB, 2017 WL 1217110, at *10 (D. Mass. Mar. 31, 2017), inquiries into unlawful conduct may lead to testimony the bears on a Plaintiff's adequacy under Rule 23, at least where the allegedly unlawful conduct is close in time to the events at issue and could lead reasonable minds to question whether a potential institutional class representative has a culture of dishonesty or disrespect for the law. RDC's request for a protective order is therefore denied.

## II. CONCLUSION

Accordingly:

1. By November 28, 2018, RDC must declare two dates on which its designee(s) are available to give testimony pursuant to the 30(b)(6) deposition notice. Both dates must be on or before December 21, 2018. Shire shall select one of those dates.

2. RDC shall make a reasonable effort to identify documents that are responsive to RFPs 19, 23, 26, 27, 30, and 32, and it must produce such documents seven days prior to the date of its 30(b)(6) deposition.

3. RDC's request for a protective order is denied.

**SO ORDERED.**

November 27, 2018                                /s/ Allison D. Burroughs
                                                 ALLISON D. BURROUGHS
                                                 U.S. DISTRICT JUDGE