# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION : <br> : <br> : <br> : <br> : <br> This Document Relates to: *All Actions* : <br> : <br> : <br> : <br> : | C.A. No. 16-cv-12653-ADB (Direct) <br> 16-cv-12396-ADB (Indirect) <br><br> **REDACTED PUBLIC VERSION** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE**

Defendants Shire U.S., Inc. and Shire LLC (collectively "Shire"), and Actavis Elizabeth LLC, Actavis LLC, and Actavis Holdco U.S. Inc. (collectively "Actavis" and, all together, the "Defendants"), hereby move to strike Section XII of the response of the Direct Purchaser Plaintiffs ( "Plaintiffs")  to the Defendants' Rule 56 Statement of Undisputed Material Facts ("SOF").  Defendants bring this Motion because Plaintiffs violated this Court's Order on page limits for summary judgment motions and for the presentation and dispute of undisputed facts in support of those motions.[1]  Plaintiffs' violations make it impossible for Defendants to respond without themselves violating the Court's Order.  The appropriate remedy for Plaintiffs' violations is for the Court to strike Section XII of Plaintiffs' response to the SOF.

---

[1] The Court set page limits for the parties' summary judgment motions, and ordered the parties to follow Massachusetts Superior Court Rule 9A when submitting their Statements of Facts in support of their summary judgment motions.  *See* Transcript from Hearing on July 26, 2019 ("Hearing Transcript"), pp. 117-118. A true and accurate copy of the relevant pages of the Hearing Transcript (the "Court's Order") is attached hereto as Exhibit A.

**BACKGROUND**

On July 26, 2019, at the conclusion of oral argument on Plaintiffs' class certification motions, the Court set the ground rules for the parties' summary judgment motions. They are straightforward:

- 10 pages of argument for each issue briefed[2];
- No more than 6 issues; and
- An integrated statement of facts like it's done "in state court" so that there's "a record of fact that I [the Court] can work with in some simple way."[3]

The Court's reference to how statements of fact are prepared and presented in state court was clearly a reference to Massachusetts Superior Court Rule 9A.[4] That rule sets forth a procedure whereby the facts that the moving party claims are undisputed and the non-moving party's responses to those facts—*e.g.*, admitting that they are undisputed or disputing, in whole or in part, the truth of the moving party's statements—are all contained in one document. *See* Rule 9A, Sections (b)(5)(iii)(A) and (B). The non-moving party may also add facts relevant to its opposition to a summary judgment motion, but ***not*** within its disputes of the moving party's statements of fact. *Id.*

On October 29, 2019, Defendants received Plaintiffs' response to the SOF. Upon review, Defendants discovered that Plaintiffs had violated Rule 9A—and the Court's Order—by adding a new section to the SOF that takes sentences from Defendants' Memorandum of Law, adds them as "facts" to the SOF, and then "disputes" those "facts" with often lengthy arguments that effectively serve as additional (and improper) briefing in response to Defendants' summary

---

[2] The parties later agreed that a limited number of pages could be "shared" across arguments, as long as the total length of the brief did not exceed the number of issues times 10, *i.e.* 6 issues could be no more that 60 pages.
[3] *See* Hearing Transcript, pp. 117-118.
[4] A true and accurate copy of Massachusetts Superior Court Rule 9A ("Rule 9A") is attached hereto as Exhibit B.

judgment arguments,[5] Such tactics are prohibited by Rule 9A and unfairly prejudice the Defendants by depriving them of an opportunity to respond in kind without also being in violation of Rule 9A and the Court's Order. Section XII of Plaintiffs' response to the SOF should therefore be stricken.

### Section XII Violates the Court's Order by Recasting Argument as Fact, Adding Materials not Permitted by Rule 9A, and Circumventing the Court Ordered Page Limitations on Summary Judgment Briefing.

Plaintiffs have abused the Rule 9A procedure adopted by the Court by recasting arguments from the Defendants' Memorandum as "Facts Asserted By Defendants," which Plaintiffs then "dispute" over pages and pages of counter-argument. This abuse is most evident in Section XII of the SOF, where Plaintiffs set forth seventy-five (75) statements from the Defendants' Memorandum (paragraphs 137-211) that they then "dispute" with more than 50 pages of argument (pages 178-235), nearly equal to the 60 pages of briefing to which they were entitled.

There is no provision in Rule 9A for anything resembling the extra briefing Plaintiffs included as Section XII. It consists only of arguments from the Defendants' Memorandum that are broken out sentence-by-sentence and then followed by Plaintiffs' rebuttal of the arguments contained in those sentences. Rather than rebutting Defendants' arguments in their Opposition (which would have put them far over the page limitations), Plaintiffs cut and pasted them into Section XII, called them "facts," and then proceeded to "dispute" those "facts" with more than 50 pages of counter-argument. This is a clear violation of the Court's Order – both on page limitations and compliance with Rule 9A – and requires that Section XII be stricken in its entirety.

---

[5] *See* Section XII of Plaintiffs' Response to Defendants' Rule 56 Statement of Undisputed Material Facts (FACTS ASSERTED BY DEFENDANTS BUT OMITTED FROM THEIR STATEMENT OF FACTS).

Plaintiffs try to justify their maneuver by claiming that the quoted sentences contain assertions of fact for which Defendants cited no supporting materials, and so they have the right to separate them out and dispute them. But there is no legal, procedural, or other basis for Plaintiffs to bloat the summary judgment record by inappropriately styling Defendants' arguments as "facts" and then responding to them with additional arguments.

Even one example from Section XII makes the point:



[FIGURE REDACTED]



[TABLE REDACTED]

(footnotes omitted)

This one example illustrates everything that is wrong with the Plaintiffs' disregard of the Court's Order.  First, pulling sentences from the moving party's brief, mischaracterizing them as assertions of undisputed fact, and then disputing them is prohibited by Rule 9A.[6]  Second, there is no requirement to cite facts in support of every sentence in a summary judgment brief (especially those that are clearly argument) and no support at all for the notion that any absence of citation somehow triggers an opportunity to respond with additional argument in the SOF.[7]  When read in context, it is abundantly clear that Defendants' sentences are argument and that the underlying facts referenced in the sentences are cited elsewhere in Defendants' Memorandum and set forth in the SOF. Third, the "disputes" put forth by the Plaintiffs are nothing more than argument that supplements their Opposition.  That clearly violates Rule 9A[8] and the Court's

---

[6] *See* Rule 9A, Section (b)(5)(iii)(A) which sets forth what can and cannot be in the non-moving party's response to the moving party's statement of facts.

[7] In fact, the first two pages of Plaintiffs' own memorandum of law in support of their motion for summary judgment do not cite a single paragraph of their Statement of Facts. *See* Mem. of Law in support of Pls' Mot. for Summary Judgment that Defendants were Ready and Able to Launch.

[8] Rule 9A, Section (b)(5)(iii)(A).

Order on page limitations.[9]  Fourth, there is no mechanism under Rule 9A for Defendants to respond to Plaintiffs' tactics without violating the Rule.

Left unchecked, Plaintiffs' tactics put Defendants at an unfair disadvantage, and reward Plaintiffs' disregard of the Court's Order.  If Plaintiffs wished to rebut a particular argument made by Defendants, the place for that rebuttal was Plaintiffs' Opposition, not their response to the SOF.  For these reasons, Section XII should be stricken.

## CONCLUSION

For the reasons set forth above, the Court should strike / disregard Section XII (Facts Asserted by Defendants but Omitted from their Statement of Facts) of Plaintiffs' Response to Defendants' Rule 56 Statement of Undisputed Material Facts when considering Defendants' Motion for Summary Judgment.

---

[9] *See* Hearing Transcript, pp. 117 – 118 (Summary judgment briefing limited to 10 pages per issue and no more than 6 issues).

| | |
|---|---|
| Dated: November 22, 2019 | Respectfully submitted, |

| | |
|---|---|
| */s/ Fred A. Kelly, Jr.* | */s/ Christopher T. Holding* |
| Fred A. Kelly, Jr., Esq., BBO #544046 | Christopher T. Holding (BBO# 600627) |
| Joshua S. Barlow, Esq., BBO #667472 | Sarah K. Frederick (BBO# 679885) |
| HAUG PARTNERS LLP | Srikanth Reddy (BBO# 669264) |
| 1 Post Office Square | Alicia Rubio-Spring (BBO# 692640) |
| Boston, MA 02109 | GOODWIN PROCTER LLP |
| Tel: (617) 426-6800 | 100 Northern Avenue |
| fkelly@haugpartners.com | Boston, Massachusetts 02210 |
| jbarlow@haugpartners.com | T: 617 570-1000 |
| | F: 617 523-1231 |
| Michael F. Brockmeyer, Esq., (*pro hac vice*) | CHolding@goodwinlaw.com |
| David S. Shotlander, Esq., (*pro hac vice*) | SFrederick@goodwinlaw.com |
| HAUG PARTNERS LLP | SReddy@goodwinlaw.com |
| 1667 K Street, NW | ARubio-Spring@goodwinlaw.com |
| Washington, DC 20006 | |
| Tel: (202) 292-1530 | *Counsel for Actavis Elizabeth LLC, and Actavis* |
| Fax: (202) 292-1531 | *Holdco U.S., Inc.* |
| mbrockmeyer@haugpartners.com | |
| dshotlander@haugpartners.com | |

*Attorneys for Shire LLC
and Shire US, Inc.*

## CERTIFICATE OF SERVICE

I, Joshua S. Barlow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 22nd day of November, 2019.

/s/ *Joshua S. Barlow*