# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE INTUNIV ANTITRUST
LITIGATION

This Document Relates to: *All Actions*

Civil Action Nos. 16-cv-12653-ADB (Direct)
16-cv-12396-ADB (Indirect)

**PUBLIC VERSION**

**LEAVE GRANTED TO FILE UNDER
SEAL ON APRIL 24, 2020, ECF NO. 424**

## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTIONS IN LIMINE NOS. 23 AND 24

## **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................................... 1

II. PLAINTIFFS' LIMITED USE OF DEFENDANTS' PRIVILEGE LOG
    ENTRIES IS PERMISSIBLE.................................................................................. 1

    A.  As a matter of law, plaintiffs may present factual evidence from privilege
        log entry descriptions. ................................................................................ 1

    B.  Defendants' request for a prohibition on invoking a privilege objection at
        trial is overbroad and premature.................................................................. 6

III. DEFENDANTS' REQUEST FOR A BLANKET ORDER PRECLUDING
     WAIVER IS OVERBROAD AND PREMATURE .................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Anascape, Ltd. v. Microsoft Corp.,*
    No. 9:06-CV-158, 2008 WL 7182476 (E.D. Tex. Apr. 25, 2008)..................................................5

*Astra Pharm. Prod., Inc. v. Beckman Instruments, Inc.,*
    No. CA-79-1445, 1983 WL 51933 (D. Mass. Mar. 24, 1983) ......................................................4

*Baez-Eliza v. Instituto Psicoterapeutico de Puerto Rico,*
    275 F.R.D. 65 (D.P.R. 2011)..........................................................................................................2

*Beraha v. Baxter Healthcare Corp.,*
    No. 88-C-9898, 1994 WL 494654 (N.D. Ill. Sept. 6, 1994) ........................................................1

*Beraha v. Baxter Healthcare Corp.,*
    No. 88-cv-9898, 1994 U.S. Dist. LEXIS 12523 (N.D. Ill. Sep. 2, 1994) ....................................7

*Broyles v. Cantor Fitzgerald & Co.,*
    No. 10-854-JJB-CBW, 2016 WL 7656028 (M.D. La. Sep. 8, 2016) ..........................................4

*Burton v. R.J. Reynolds Tobacco Co., Inc.,*
    170 F.R.D. 481 (D. Kan. 1997)......................................................................................................2

*Davine v. Golub Corp.,*
    No. 3:14-30136-MGM, 2017 WL 517749 (D. Mass. Feb. 8, 2017)..............................................2

*Fed. Trade Comm'n v. AbbVie Inc.,*
    329 F. Supp. 3d 98 (E.D. Pa. 2018) ..............................................................................................5

*Freedom Card, Inc. v. JPMorgan Chase & Co.,*
    432 F.3d 463 (3d Cir. 2005) ......................................................................................................4, 5

*FURminator, Inc. v. Kim Laube & Co., Inc.,*
    No. 4:08-CV-00367 ERW, 2009 WL 5176562 (E.D. Mo. Dec. 21, 2009) ...................................9

*Galderma Labs. v. Paddock Labs.,*
    No. 4:09-CV-002-Y, 2011 WL 1119700 (N.D. Tex. Mar. 28, 2011)...........................................5

*Goldberg v. 401 North Wabash Venture LLC,*
    2013 WL 1816162 (N.D. Ill. Apr. 29, 2013) ...............................................................................4

*Howell v. United States,*
    442 F.2d 265 (7th Cir. 1971)..........................................................................................................2

*Joy Glob., Inc. v. Wis. Dep't of Workforce Dev. (In re Joy Glob., Inc.),*
    No. 01-039-LPS, 2008 WL 2435552 (D. Del. June 16, 2008).....................................................9

*In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.),*
    348 F.3d 16 (1st Cir. 2003)................................................................................9

*Kellogg v. Nike, Inc.,*
    No. 8:07-CV-70, 2008 WL 4216130 (D. Neb. Sept. 12, 2008)......................................2

*King Drug Co. of Florence v. Cephalon, Inc.,*
    No. 2:06-cv-1797, 2016 U.S. Dist. LEXIS 7477 (E.D. Pa. Jan. 22, 2016) ...................7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,*
    383 F.3d 1337 (Fed. Cir. 2004)..........................................................................5

*Knox Energy, LLC v. Gasco Drilling, Inc.,*
    637 F. App'x 735 (4th Cir. 2016) .......................................................................2

*In re Lidoderm Antitrust Litigation,*
    No. 14-MD-02521-WHO, 2016 WL 4191612 (N.D. Cal. Aug. 9, 2016) ...................8

*In re Loestrin 24 FE Antitrust Litigation,*
    No. 1:13-md-2472 (D.R.I. Dec. 16, 2019) ..................................................... 5, 6

*Loral Corp. v. B.F. Goodrich Co.,*
    1989 U.S. Dist. LEXIS 16865, 14 U.S.P.Q.2d (BNA) 1081 (S.D. Ohio Jan. 27,
    1989)............................................................................................................4

*McKesson Info. Sols., Inc. v. Bridge Med., Inc.,*
    434 F. Supp. 2d 810 (E.D. Cal. 2006)................................................................4

*Mut. Ins. Co., Ltd. v. Murphy,*
    630 F. Supp. 2d 158 (D. Mass. 2009) ................................................................2

*In re Nexium (Esomeprazole) Antitrust Litig.,*
    No. 12-md-02409-WGY (D. Mass. Nov. 6, 2014), ECF No. 1407 ...........................8

*In re Nexium (Esomeprazole) Antitrust Litig.,*
    No. 12-md- 02409-WGY (D. Mass. Nov. 4, 2014), ECF No. 1403...................... 2, 3, 8

*Old Republic Ins. Co., v. Ness,*
    No. 03-C-5238, 2006 WL 3782994 (N.D. Ill. Dec. 21, 2006).................................5

*Sharer v. Tandberg, Inc.,*
    No. 1:06-cv-626, 2007 WL 983849 (E.D. Va. Mar. 27, 2007)............................. 6, 7

*Siemens v. Seagate Tech.,*
    No. SACV 06-788JVS, 2009 WL 8762978 (C.D. Cal. Apr. 27, 2009) .......................2

*Tallo v. United States,*
    344 F.2d 467 (1st Cir. 1965) ............................................................................4

*In re Terazosin Hydrochloride Antitrust Litig.*,
    335 F. Supp. 2d 1336 (S.D. Fla. 2004) .................................................................................4

*THK Am., Inc. v. NSK, Ltd.*,
    917 F. Supp. 563 (N.D. Ill. 1996) .........................................................................................4

*Trs. of Bos. Univ. v. Everlight Elecs. Co.*,
    No. 12-11935-PBS, 2015 U.S. Dist. LEXIS 68281 (D. Mass. May 27, 2015) ...........................9

*United States ex rel. Barko v. Halliburton Co.*,
    241 F. Supp. 3d 37 (D.D.C.) .................................................................................................5

*United States v. Kendrick*,
    331 F.2d 110 (4th Cir. 1964) .................................................................................................2

*United States v. One Tract of Real Prop. Together With All Bldgs., Improvements,
    Appurtenances and Fixtures*,
    95 F.3d 422 (6th Cir. 1996) ...........................................................................................4, 5

*Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*,
    No. 6:12-cv-00196, 2018 WL 3135847 (N.D.N.Y. June 27, 2018) ...................................2, 4

*Whitney v. City of Milan*,
    2014 U.S. Dist. LEXIS 186463 (W.D. Tenn. Feb. 27, 2014) ...............................................5

*Wilson v. AM Gen. Corp.*,
    No. 3:95-CV-125RM, 1996 U.S. Dist. LEXIS 16831 (N.D. Ind. Sept. 16,
    1996) .....................................................................................................................................4

## OTHER AUTHORITIES

8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2017
    (1970) ....................................................................................................................................1

Fed. R. Evid. 801 ......................................................................................................................2

Fed. R. Evid. 807 ......................................................................................................................2

Fed. R. Evid. 1004(2) ................................................................................................................2

## I.      INTRODUCTION

Defendants' motions *in limine* 23 and 24 misstate the types of evidence and arguments plaintiffs intend to offer as well as the applicable standards. Plaintiffs do *not* intend to seek adverse inferences from the invocation of privilege in this case as to the content of purportedly privileged material. Rather, plaintiffs seek to use *factual* information provided in defendants' privilege logs, if necessary, to rebut defendants' factual assertions or as impeachment evidence, both of which are permissible. Thus, defendants' motion to preclude plaintiffs from relying on defendants' privilege log entries or asking questions "designed to compel defendants to assert attorney-client privilege"[1] is based on incorrect assumptions, and is overbroad and premature. Defendants' motion to preclude assertion of a privilege waiver is likewise overbroad and premature, and asks the court to issue an advisory opinion on matters that may or may not arise in briefing or at trial. Accordingly, the court should deny both motions.

### ARGUMENT

## II.      PLAINTIFFS' LIMITED USE OF DEFENDANTS' PRIVILEGE LOG ENTRIES IS PERMISSIBLE

### A.      As a matter of law, plaintiffs may present factual evidence from privilege log entry descriptions.

There is no general prohibition against admitting privilege logs, or information reflected in privilege logs, at trial. "It is axiomatic that mere reference to the fact that a conversation between attorney and client occurred is not privileged."[2] "[P]rivilege does not

---

[1] Defs.' MILs 23 & 24 at 3, ECF No. 417, Apr. 10, 2020.

[2] *Beraha v. Baxter Healthcare Corp.*, No. 88-C-9898, 1994 WL 494654, at *3 (N.D. Ill. Sept. 6, 1994) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2017 (1970)).

apply to the fact of communication between a client and attorney."[3] Only "the substance of the communication . . . is protected."[4]

Privilege logs (and information contained therein) are regularly admitted at trial to show facts, including individuals' participation and timelines of events,[5] or as impeachment evidence.[6] Privilege logs are admissible under Federal Rule of Evidence 801 as an admission of a party opponent,[7] or pursuant to the residual hearsay exception in Federal Rule of Evidence 807.[8] In *In re Nexium*, Judge William Young admitted at trial two pages of the defendant AstraZeneca's privilege logs.[9]

---

[3] *Burton v. R.J. Reynolds Tobacco Co., Inc.*, 170 F.R.D. 481, 484 (D. Kan. 1997) (citing *United States v. Kendrick*, 331 F.2d 110, 113 (4th Cir. 1964)).

[4] *Id*; *see also Howell v. United States*, 442 F.2d 265, 268-69 (7th Cir. 1971); *Davine v. Golub Corp.*, No. 3:14-30136-MGM, 2017 WL 517749, at *5 (D. Mass. Feb. 8, 2017) (holding the fact of consultation with counsel is not privileged); *Baez-Eliza v. Instituto Psicoterapeutico de Puerto Rico*, 275 F.R.D. 65, 70-71 (D.P.R. 2011) (accord).

[5] *See, e.g., Mut. Ins. Co., Ltd. v. Murphy*, 630 F. Supp. 2d 158, 168-69 (D. Mass. 2009) ("These privilege log entries [showing letters between defendants and the insured company] do support the drawing of reasonable inference that Mutual retained some association with the case even after the joint representation ended."), *as amended* (July 2, 2009); *Knox Energy, LLC v. Gasco Drilling, Inc.*, 637 F. App'x 735, 740 (4th Cir. 2016) (court did not abuse discretion in allowing plaintiff to introduce defendant's privilege log where the log rebutted defendant's arguments in the case); *Siemens v. Seagate Tech.*, No. SACV 06-788JVS, 2009 WL 8762978, at *8 (C.D. Cal. Apr. 27, 2009) (disagreeing with plaintiff's assertion that "privilege log is merely a tool to facilitate discovery, not an independent piece of evidence that proves or disproves an alleged fact" and approving prior decision to allow privilege logs in as evidence of reasonable diligence toward filing a patent application).

[6] *See, e.g., Kellogg v. Nike, Inc.*, No. 8:07-CV-70, 2008 WL 4216130, at *3 (D. Neb. Sept. 12, 2008) ("The privilege log may be used for purposes of impeachment."). Even in *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 6:12-cv-00196, 2018 WL 3135847 (N.D.N.Y. June 27, 2018), on which defendants rely, Defs.' MILs 23 & 24 at 5, the court confirmed the admissibility of privilege logs as statements of a party opponent pursuant to Fed. R. Evid. 801(2) for relevant, non-speculative inferences. *Id.* at *13. The court in *Utica* also reserved ruling on the sponsoring party's request to use the log as impeachment until trial. *Id.* at *13.

[7] Fed. R. Evid. 801(2); *Mut. Ins. Co. v. Murphy*, 630 F. Supp. 2d 158, 168 n.3 (D. Mass. 2009), *as amended* (July 2, 2009) (privilege log can be used as admission of a party opponent).

[8] *Siemens*, 2009 WL 8762978, at *8, *20 (C.D. Cal. Apr. 27, 2009) (admitting third party privilege log as evidence under residual hearsay exception because it has "circumstantial guarantees of trustworthiness pursuant to Fed. R. Evid. 807 because the preparation was either done by or under the supervision of officers of the court"). Notably, the Siemens Court also rejected a challenge that the admission of a privilege log violated the best evidence rule, and observed that the logs would be admissible under Fed. R. Evid. 1004(2) because "the original cannot be obtained by any available judicial process."

[9] Transcript of Trial Proceedings Vol. 2 at 94-96, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-02409-WGY (D. Mass. Nov. 4, 2014), ECF No. 1403.

Plaintiffs have not asked and do not intend to ask the Court to instruct the jury about an adverse inference relating to defendants' privilege logs.[10] Rather, plaintiffs may utilize certain log entries to identify facts about the timing of, and individuals involved in, certain communications that are set forth in the log descriptions. The log entries defendants have identified in their motion[11] set forth facts—not inferences or speculation—and may permissibly be used to establish those facts or for impeachment.

As plaintiffs set forth in their motion *in limine* 19, Shire has demonstrated its intent to proffer selectively produced evidence purporting to show it undertook a ███████████

████████████████████████████████████████████████████████████████████

████████████████████████████████. At the same time, however, Shire has completely withheld, on the basis of privilege, certain related communications concerning this purported ██████. Plaintiffs have asked the court to exclude all evidence and argument by Shire on its purported ████████████████████████ because Shire's selective disclosures and corresponding withholdings have allowed it to wield privilege as both a sword and a shield, preventing plaintiffs from testing or rebutting Shire's one-sided narrative. However, should the court permit Shire to present this evidence at trial, plaintiffs should be permitted to use the facts from defendants' privilege logs to rebut defendants' narrative. This use of factual privilege log information is neither speculative nor unfairly prejudicial. Rather, this information presents factual statements undisputed and adopted by Shire in this case. There is no risk of confusion to the jury and defendants have demonstrated none.

---

[10] It is possible that defendants may open the door at trial and waive privilege or otherwise require plaintiffs to challenge an assertion of privilege, based on documents (including those cited in their motion), trial testimony, or both. In *In re Nexium*, for example, the court determined that a witness for the defendants waived privilege by making statements during his direct examination that entitled plaintiffs to obtain previously withheld documents and an opportunity to re-examine the witness. No. 12-md-2409-WGY (D. Mass. 2014).

[11] Defs.' MILs 23 & 24 at 7 n.11, ECF No. 417, Apr. 10, 2020.

Because plaintiffs do not seek to have the Court instruct the jury that they are entitled to an adverse inference based on the assertion of attorney-client privilege, defendants' cases are inapposite. Defendants' cases do not bar the introduction of the facts in the privilege log descriptions.[12] Indeed, several of the cases on which defendants rely address situations where a privilege log's only relevance was to create an adverse inference,[13] and others are likewise inapplicable because the basis for the courts' preclusion in those cases rested on a party's *intent* to draw an adverse inference,[14] and/or the courts' acknowledgement of the unremarkable

[12] *See Astra Pharm. Prod., Inc. v. Beckman Instruments, Inc.*, No. CA-79-1445, 1983 WL 51933, at *4 (D. Mass. Mar. 24, 1983), *aff'd*, 718 F.2d 1201 (1st Cir. 1983) ("[B]ecause Beckman raised its attorney-client privilege, and refused to turn over attorney-client documents relating to the trademark search, Astra Pharmaceutical asserts that the logical inference is that Beckman adopted the Astra acronym in bad faith."); *THK Am., Inc. v. NSK, Ltd.*, 917 F. Supp. 563, 566-67 (N.D. Ill. 1996) (recognizing that adverse inferences from the invocation of privilege are generally disallowed, but may be permitted in certain circumstances, *e.g.*, "negative inferences resulting from failure to produce patent legal opinions have been allowed in situations where potential infringers actually put the advice of counsel directly at issue in the case"); *Goldberg v. 401 North Wabash Venture LLC*, 2013 WL 1816162, at *2-3 (N.D. Ill. Apr. 29, 2013) (refusing to allow an adverse inference where "although the court specifically gave Plaintiff an opportunity," to establish the relevance of defendants consultation with or retention of lawyers, plaintiff failed to do so); *Loral Corp. v. B.F. Goodrich Co.*, 1989 U.S. Dist. LEXIS 16865, at *104-105, 14 U.S.P.Q.2d (BNA) 1081, 1107 (S.D. Ohio Jan. 27, 1989) (refusing to allow an adverse inference where defendant "failed to bring forth any evidence that [plaintiffs'] attorneys intended to deceive the PTO" but acknowledging that "failure or refusal to call certain witnesses permits the trier of fact to draw adverse inference therefrom . . .").

[13] Defs.' MILs 23 & 24 at 5, ECF No. 417, Apr. 10, 2020. *See, e.g.*, *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854-JJB-CBW, 2016 WL 7656028, at *2 (M.D. La. Sep. 8, 2016) (in that case, "calling the jury's attention to that privilege would *only* serve to imply that the jury should draw an adverse inference") (emphasis added); *Wilson v. AM Gen. Corp.*, No. 3:95-CV-125RM, 1996 U.S. Dist. LEXIS 16831, at *39-41 (N.D. Ind. Sept. 16, 1996) (holding that inferences from privilege log that a document was not produced "on the basis of attorney-client privilege somehow would show [an overall scheme] . . . ." amounted to "rank speculation"); *Tallo v. United States*, 344 F.2d 467 (1st Cir. 1965), is likewise inapplicable here, as it addressed a criminal defendant being asked to invoke spousal privilege in front of a jury. *See id.* at 470.

[14] *See, e.g.*, *United States v. One Tract of Real Prop. Together With all Bldgs., Improvements, Appurtenances & Fixtures*, 95 F.3d 422, 428 (6th Cir. 1996) ("[C]laimant argues that the court should draw an adverse inference against the government for relying upon a constitutional privilege in its refusal to admit AUSA Cook's misconduct."); *Freedom Card, Inc. v. JPMorgan Chase & Co.*, 432 F.3d 463, 479 n.25 (3d Cir. 2005) ("UTN suggests that Chase's assertion of the privilege constitutes evidence of Chase's bad faith."); *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 811-12 (E.D. Cal. 2006) (addressing narrow issue whether plaintiff could elicit the fact that the defendant *had* obtained an opinion from a lawyer regarding the potential infringement and choose to invoke the attorney-client privilege to avoid disclosing that opinion); *Utica Mut. Ins. Co.*, 238 F. Supp. 3d at 337-38 (N.D.N.Y. 2017) (rejecting argument that privilege log entries were "dispositive as to Utica's ill motives," and noting that any inferences would be speculative); *In re Terazosin Hydrochloride Antitrust Litig.*, 335 F. Supp. 2d 1336, 1365 (S.D. Fla. 2004) (defendant's invocation of attorney-client privilege was not sufficient to meet plaintiff's burden of showing defendant acted in bad faith).

proposition that an adverse inference may not be drawn solely based on the assertion of privilege.[15] But plaintiffs seek no such inference here.

*In re Loestrin 24 FE Antitrust Litigation*,[16] on which defendants rely, similarly does not support the sweeping order defendants seek. The court in *Loestrin* precluded plaintiffs in that case from relying on "adverse inference or speculation,"[17] but plaintiffs seek neither here. And even that court recognized that "circumstances during trial may afford a foundation for use of or reliance on the [privilege] log," such as to refresh a witness's recollection.[18] In other words, the court made clear it would revisit the issue at the time of trial, if necessary, and that there are circumstances under which it would allow use of the logs.

Defendants' motion conflates factual evidence and permissible fact-finding which may lead to some inferences in favor of a plaintiff with adverse inferences. A jury is tasked with finding facts, drawing inferences from those facts, and rendering a verdict, and plaintiffs may

---

[15] *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) (holding, "no adverse inference shall arise from invocation of the attorney-client and/or work product privilege"); *Whitney v. City of Milan*, 2014 U.S. Dist. LEXIS 186463, at *3 (W.D. Tenn. Feb. 27, 2014) (recognizing principle in case address marital communications privilege); *United States ex rel. Barko v. Halliburton Co.*, 241 F. Supp. 3d 37, 54 (D.D.C.), *aff'd*, 709 F. App'x 23 (D.C. Cir. 2017) ("The Court will also not accept the inference that because KBR claimed privilege over the results of the COBC investigations . . . the investigations must have revealed wrongdoing."); *Galderma Labs. v. Paddock Labs.*, No. 4:09-CV-002-Y, 2011 WL 1119700, at *4 (N.D. Tex. Mar. 28, 2011) (merely stating that the court will not make an adverse inference based on an assertion of attorney-client privilege, without context regarding how the defendant attempted to use a privilege log); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008) (same).

[16] Defs.' MILs 23 & 24 at 7, ECF 417, Apr. 10, 2020.

[17] Rubio-Spring Decl. Ex. 58 (Order, *In re Loestrin 24 FE Antitrust Litigation*, No. 1:13-md-2472 (D.R.I. Dec. 16, 2019). *Fed. Trade Comm'n v. AbbVie Inc.*, 329 F. Supp. 3d 98 (E.D. Pa. 2018), on which defendants also rely, *see* Defs'. MILs 23 & 24 at 7. n.10, ECF No. 417, Apr. 10, 2020, similarly stands for the unremarkable proposition that a court "will not draw any negative inference" based on the invocation of privilege. *AbbVie*, 329 F. Supp. at 125.

[18] *Id.* Other cases cited by defendants similarly stand for unremarkable propositions or are inapposite. *See United States v. One Tract of Real Prop. Together With All Bldgs., Improvements, Appurtenances and Fixtures*, 95 F.3d 422, 428-29 (6th Cir. 1996) (Sixth Circuit relies on Wigmore on Evidence to address protection of work product, which is not at issue here); *Freedom Card, Inc. v. JPMorgan Chase & Co.*, 432 F.3d 463, 479 n.25 (3d Cir. 2005) (Third Circuit stating in a four-line footnote that the assertion of privilege over the trademark search cannot be used to infer bad faith). Further, defendants also omit key facts which render *Old Republic Ins. Co., v. Ness*, No. 03-C-5238, 2006 WL 3782994, at *12-13 (N.D. Ill. Dec. 21, 2006), inapposite. In that case, plaintiff's privilege log contained an "erroneous" entry that had been corrected, and the court precluded the defendants from introducing the log with the error as evidence of the fact set forth in the error. *Id.* at *13.

present evidence that will aid the jury in doing so. Defendants appear to take the position that plaintiffs should be prevented from introducing evidence from which, when taken in combination with other evidence, the jury may draw a reasonable inference in plaintiffs' favor. But this argument distorts the meaning of "adverse inference."

Here, plaintiffs do not intend to establish that defendants violated antitrust laws by relying on defendants' selective assertions of privilege, nor are they asking for an adverse inference. Plaintiffs should not be precluded from establishing any one of the proper bases at trial to present privilege log entries.

**B.    Defendants' request for a prohibition on invoking a privilege objection at trial is overbroad and premature.**

Defendants' request that the Court preclude plaintiffs from asking questions at trial that "are designed to compel defendants to assert attorney-client privilege,"[19] is overbroad and premature. Neither plaintiffs nor the Court can predict when defendants may decide to assert privilege at trial or whether a witness may waive privilege through his or her testimony. Instead, the court should address these types of privilege issues, to the extent required, in context as the trial proceeds.

The cases cited by defendants support plaintiffs' position, rather than the sweeping order defendants request. Indeed, in *Loestrin*, on which defendants rely,[20] the court denied the defendant's motion *in limine* "to the extent that it request[ed] that the Court enter a sweeping order barring any question that might draw a privilege invocation."[21] Similarly, in *Sharer v. Tandberg, Inc.*,[22] the court concluded that defendants could not ask questions about certain

---

[19] Defs.' MILs 23 & 24 at 3, ECF No. 417, Apr. 10, 2020.

[20] *Id.* at 7.

[21] Rubio-Spring Decl. Ex. 58 (Order, *In re Loestrin 24 FE Antitrust Litigation*, No. 1:13-md-2472 (D.R.I. Dec. 16, 2019).

[22] No. 1:06-cv-626, 2007 WL 983849 (E.D. Va. Mar. 27, 2007).

attorney-client meetings because the fact of those meetings was "only relevant to the extent that" it supported an adverse inference about the substance of the communications.[23] The court declined to issue a broad prohibition against any questions that might result in invocation of privilege, as defendants request here.[24]

*Cephalon*[25] is likewise distinguishable. There, the court noted that the defendants had stated they did not intend to introduce statements and make arguments to the jury that implied consultation with counsel and "good faith" reliance on said legal advice. The court concluded that unless or until that happened, it would not issue a specific waiver ruling.[26] In that context, the court held that plaintiffs could not draw attention to the defendants' invocation of privilege or the work product doctrine, nor ask a question that would likely result in an invocation of the privilege.[27] In contrast, here, plaintiffs do not intend to ask questions solely for purposes of eliciting an invocation of privilege, much less request to draw attention to an invocation of privilege with the evidence and examinations presented at trial.

### III.   DEFENDANTS' REQUEST FOR A BLANKET ORDER PRECLUDING WAIVER IS OVERBROAD AND PREMATURE

Defendants' request that the court preclude plaintiffs from arguing that defendants waived the attorney-client privilege where defendants or their counsel "mak[e] generalized

---

[23] *Id.* at *2.

[24] *Beraha v. Baxter Healthcare Corp.*, No. 88-cv-9898, 1994 U.S. Dist. LEXIS 12523 (N.D. Ill. Sep. 2, 1994) similarly includes no such sweeping prohibition. There, the court precluded reference to certain attorney-client communications where "the *only* purpose for which Beraha seeks to admit evidence of the fact that these communications occurred is to enable the jury to draw an adverse inference therefrom," *id.* at *9 (emphasis added), but noted that ordinarily, "mere reference to the fact that a conversation between attorney and client occurred is not privileged." *Id.* at *8.

[25] *King Drug Co. of Florence v. Cephalon, Inc.*, No. 2:06-cv-1797, 2016 U.S. Dist. LEXIS 7477, at *28 (E.D. Pa. Jan. 22, 2016).

[26] *See id.*

[27] *Id.*

statements to each other or the public"[28] about legal matters[29] is premature and misunderstands plaintiffs' arguments up to this point. Plaintiffs do not seek waiver based merely on "generalized statements." Rather, plaintiffs seek to exclude certain evidence in order to prevent defendants from using privilege as both a sword and a shield.[30]

At this time, it would be premature for the court to issue a broad ruling on waiver based on circumstances that have not yet occurred.[31] Matters may arise in briefing or at trial that necessitate a motion and ruling on subject matter waiver. For example, in *In re Lidoderm Antitrust Litigation*,[32] the court at first declined to find at-issue waiver[33] but based on developments in the case and in the defendants' arguments, later held "that defendants [would] be precluded from relying on specific subjective beliefs unless they choose to waive the privilege as to communications and information regarding the same."[34] Similarly, in *In re Nexium*, the defendants opened the door to at-issue waiver through witness questioning at trial.[35] Thus, it would be premature for the court to grant defendants' request for a blanket

---

[28] Plaintiffs do not concede, and indeed expressly deny, that the documents referenced in defendants' motion are relevant, let alone admissible. Regardless, the Court should decline defendants' invitation to rule on whether the potential use of those documents at trial would constitute waiver, as that is an inquiry that is highly dependent on how and through whom defendants intend to introduce the same.

[29] *See* Defs.' MILs 23 & 24 at 8-10, ECF No. 417, Apr. 10, 2020.

[30] *See* Plaintiffs' Motion *in Limine* 19, ECF No. 421, Apr. 10, 2020; Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Exclude Certain Opinions of William Zoffer and Dr. Iain Cockburn at 9-14, ECF No. 299, Sept. 6, 2019. As set forth in these motions, plaintiffs also do not rely on the types of generalized statements defendants invoke here, although plaintiffs expressly reserve the right, depending on how those statements are used in briefing or at trial, to request preclusion, waiver or any other appropriate remedy.

[31] At this time, plaintiffs are responding to the arguments made in defendants' motion *in limine* 24. Although there may be reason for the court to find waiver based on other pending briefing or matters that arise at trial, plaintiffs do not currently seek waiver here, but also do not waive the right to do so.

[32] No. 14-MD-02521-WHO, 2016 WL 4191612 (N.D. Cal. Aug. 9, 2016).

[33] *See id.* at *1.

[34] *Id.* at *2.

[35] Transcript of Trial Proceedings Vol. 1 at 7-8, *In re Nexium Antitrust Litig.*, No. 12-md-02409-WGY (D. Mass. Nov. 6, 2014), ECF No. 1407; Transcript of Trial Proceedings Vol. 1 at 78-80, *In re Nexium Antitrust Litig.*, No. 12-md- 02409-WGY (D. Mass. Nov. 7, 2014), ECF No. 1409; Transcript of Motion Hearing at 4-10, *In re Nexium Antitrust Litig.*, No. 12-md-02409-WGY (D. Mass. Nov. 10, 2014), ECF No. 1413.

order that there has been no at-issue waiver where circumstances may arise that may trigger and necessitate such an order.

The cases on which defendants rely do not counsel otherwise. In *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*,[36] the court found no implied waiver, but acknowledged that it was a fact-specific inquiry,[37] and specifically recognized that "once a litigant chooses to put privileged communications at issue, only the revelation of all related exchanges will allow the truth-seeking process to function unimpeded,"[38] explaining:

> Implying a subject matter waiver in such a case ensures fairness because it disables litigants from using the attorney-client privilege as both a sword and a shield. Were the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process.[39]

In *Trustees of Boston University v. Everlight Electronics Co.*,[40] the court found that waiver *had* occurred, and acknowledged that the question whether disclosing an attorney's "bare conclusion . . . constituted waiver" was a question on which courts were split.[41] Moreover, the court in that case explained that it was finding a limited subject matter waiver only because the defendant was not trying to use the evidence affirmatively, nor was it relying on an advice-of-counsel defense.[42] Thus, the court should deny defendants' request for an advisory opinion that at-issue waiver is inapplicable here.

---

[36] 348 F.3d 16, 24 (1st Cir. 2003).

[37] *Id.* at 23.

[38] *Id.* at 24.

[39] *Id.*

[40] No. 12-11935-PBS, 2015 U.S. Dist. LEXIS 68281 (D. Mass. May 27, 2015).

[41] *Id.* at *15.

[42] *Id.* at *18-19. Similarly, *FURminator, Inc. v. Kim Laube & Co., Inc.*, No. 4:08-CV-00367 ERW, 2009 WL 5176562, at *2 (E.D. Mo. Dec. 21, 2009), and *Joy Glob., Inc. v. Wis. Dep't of Workforce Dev. (In re Joy Glob., Inc.)*, No. 01-039-LPS, 2008 WL 2435552, at *5 (D. Del. June 16, 2008) found that no waiver had occurred under specific factual circumstances. The courts in those cases did not offer a blanket advisory ruling that no waiver would occur under other circumstances.

Dated: April 24, 2020                     Respectfully submitted,

                                          */s/ Lauren G. Barnes*
                                          Thomas M. Sobol (BBO #471770)
                                          David S. Nalven (BBO #547220)
                                          Lauren G. Barnes (BBO #663819)
                                          Kristie A. LaSalle (BBO #692891)
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          55 Cambridge Parkway, Suite 301
                                          Cambridge, MA 02142
                                          Telephone: (617) 482-3700
                                          Facsimile:  (617) 482-3003
                                          tom@hbsslaw.com
                                          davidn@hbsslaw.com
                                          lauren@hbsslaw.com
                                          kristiel@hbsslaw.com

                                          *Counsel for Plaintiffs and Lead Counsel for the
                                          Proposed Direct Purchaser Class*

John D. Radice                            Joseph H. Meltzer
Kenneth Pickle                            Terence S. Ziegler
Clark Craddock                            KESSLER TOPAZ MELTZER & CHECK, LLP
RADICE LAW FIRM, P.C.                     280 King of Prussia Road
475 Wall Street                           Radnor, PA 19087
Princeton, NJ 08540                       Telephone: (610) 667-7706
Telephone: (646) 245-8502                 Facsimile:  (610) 667-7056
Facsimile:  (609) 385-0745                jmeltzer@ktmc.com
jradice@radicelawfirm.com                 tziegler@ktmc.com
kpickle@radicelawfirm.com
ccraddock@radicelawfirm.com

Linda P. Nussbaum
Bart D. Cohen
Peter Moran
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189
lnussbaum@nussbaumpc.com
bcohen@nussbaumnpc.com
pmoran@ nussbaumpc.com

Sharon K. Robertson
Donna Evans
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile:  (212) 838-7745
srobertson@cohenmilstein.com
devans@cohenmilstein.com

Jessica Weiner
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jweiner@cohenmilstein.com

*Additional Counsel for the Proposed Direct Purchaser Class*

Joseph M. Vanek
Paul E. Slater
David P. Germaine
John P. Bjork
SPERLING & SLATER, P.C.
55 W. Monroe, Suite 3500
Chicago, IL 60603
Telephone: (312) 224-1500
Facsimile:  (312) 224-1510
jvanek@sperling-law.com
pslater@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com

*Counsel for Plaintiff FWK Holding, LLC and Additional Counsel for the Proposed Direct Purchaser Class*

Peter Kohn
Joseph T. Lukens
FARUQI & FARUQI LLP
One Penn Center, Suite 1550
1617 John F. Kennedy Boulevard
Telephone: (215) 277-5770
Facsimile:  (215) 277-5771
pkohn@faruqilaw.com
jlukens@faruqilaw.com

David F. Sorensen
Caitlin G. Coslett
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
dsorensen@bm.net
ccoslett@bm.net

*Counsel for Plaintiff Rochester Drug Co-Operative, Inc. and Additional Counsel for*
*the Proposed Direct Purchaser Class*

Conlee S. Whiteley (*pro hac vice*)
Layne Hilton (*pro hac vice*)
Annemieke Tennis (*pro hac vice* forthcoming)
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
a.kanner@kanner-law.com
c.whiteley@kanner-law.com
l.hilton@kanner-law.com
a.tennis@kanner-law.com

Ruben Honik (*pro hac vice*)
David J. Stanoch (*pro hac vice*)
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177
rhonik@golombhonik.com
dstanoch@golombhonik.com

Stephen H. Galebach
GALEBACH LAW OFFICE
9-11 Touro Avenue
Medford, MA 02155
Telephone: (617) 429-1966
steve@galebachlaw.com

*Counsel for the Indirect Purchaser Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Lauren G. Barnes, certify that, on this date, the foregoing document was served on the Court and on all counsel of record via electronic mail.


Dated: April 24, 2020                      ***/s/ Lauren G. Barnes***_____
                                                          Lauren G. Barnes