UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re INTUNIV ANTITRUST LITIGATION<br>(Both Direct and Indirect Cases) | Civil Action Nos. 1:16-cv-12653-ADB<br>1:16-cv-12396-ADB |

### MEMORANDUM AND ORDER ON MOTIONS TO STRIKE

BURROUGHS, D.J.

Presently before the Court are Defendants' motions to strike Section XII of the Plaintiffs' response to Defendants' Rule 56 Statement of Undisputed Material Facts ("SOF"). [FWK 382; Picone 289].[1] For the reasons that follow, the motions, [FWK 382; Picone 289], are GRANTED.

## I.   BACKGROUND

### A.   Factual Background

The Court has previously provided a summary of the allegations at issue in this case. See, e.g., [FWK 462; Picone 230]. For purposes of the motions to strike, the following abbreviated facts are sufficient. This case arises from an allegedly anticompetitive agreement made between the brand and generic manufacturers of an ADHD medication. Defendants Shire LLC and Shire U.S., Inc. (collectively, "Shire") manufacture Intuniv, the brand-name for extended release guanfacine hydrochloride. Defendants Actavis Elizabeth LLC, Actavis Holdco US, Inc., and Actavis LLC (collectively, "Actavis" and, together with Shire, "Defendants")

---

[1] For purposes of this memorandum and order, the Court refers to docket entries in FWK, et al. v. Shire, et al., 16-cv-12653, as "FWK [ECF No.]" and docket entries in Picone, et al. v. Shire, et al., 16-cv-12396, as "Picone [ECF No.]."

manufacture Intuniv's generic counterpart. Plaintiffs allege that they paid inflated prices for Intuniv due to Defendants' having improperly agreed to delay competition for both brand Intuniv and generic Intuniv in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2. See generally [FWK 140].

After the Food and Drug Administration ("FDA") approved a New Drug Application ("NDA") for Shire's brand-name drug, Intuniv, [FWK 343 at 2], Actavis filed an Abbreviated New Drug Application ("ANDA") for its proposed generic version of Intuniv. [Id.]. Shire filed suit against Actavis pursuant to 21 U.S.C. § 335(j)(5)(B)(iii), which triggered a 30-month stay of the FDA's approval of Actavis' ANDA for generic Intuniv. See F.T.C. v. Actavis, Inc., 570 U.S. 136, 143 (2013) ("If the brand-name patentee brings an infringement suit within 45 days, the FDA then must withhold approving the generic, usually for a 30-month period, while the parties litigate patent validity (or infringement) in court." (citing 21 U.S.C. § 355(j)(5)(B)(iii))).

Before the trial court could issue its opinion, Shire and Actavis entered into a settlement agreement. [FWK 343 at 3] Plaintiffs argue that it appeared likely that the verdict was going to be in Actavis' favor and that the settlement was a reverse payment agreement, which guaranteed Actavis a 180-day exclusivity period in return for its delaying the launch of generic Intuniv until December 1, 2014. [Id. at 3–4].

On July 26, 2019, after this Court had heard arguments on the Plaintiffs' motions for class certification, [FWK 292], the Court provided the following guidelines for the parties' summary judgment motions: the parties could allocate ten pages per issue and would brief no more than six issues (though the parties later agreed that they could share their page limit across multiple issues, so long as the briefing did not exceed sixty pages in total); and the parties were instructed that they must file an integrated statement of facts, rather than filing separate

statements.  [FWK 383-3 at 13–14].  In providing that guidance, the Court instructed the parties that the statement of facts would function as "in state court," where the moving party sets forth a statement of undisputed facts and the nonmoving party responds by admitting that the facts are undisputed or, in the alternative, disputing the facts.  [Id. at 13].

## II.     LEGAL STANDARD

District courts "enjoy broad latitude" in administering and enforcing local rules. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002) (internal citation omitted).  Local Rule 56.1 requires that "[a] party opposing the motion [for summary judgment] shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation."  Local Rule, D. Mass. 56.1; see also Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 6–7 (1st Cir. 2007) (analyzing the District of Puerto's similar rule, which requires  "a party opposing a motion for summary judgment to accept, deny, or qualify each entry in the *movant's statement of material facts* paragraph by paragraph to support any denials, qualifications, or new assertions by particularized citations to the record" (emphasis added)).  The Rule was adopted "to expedite the process of determining which facts are genuinely in dispute, so that the [C]ourt may turn quickly to the usually more difficult task of determining whether the disputed issues are material."  Brown v. Armstrong, 957 F. Supp. 1293, 1297 (D. Mass. 1997), aff'd, 129 F.3d 1252 (1st Cir. 1997); see also Cabán Hernández, 486 F.3d at 7 (noting that the First Circuit has "repeatedly . . . emphasized the importance of local rules similar to Local Rule 56" so that the District Court may focus its attention on what is, and is not, genuinely controverted).

"Where a party opposing a motion for summary judgment fails to comply with Local Rule 56.1, the [C]ourt has the discretion to decide whether to impose the sanction of deeming the moving party's factual assertions to be admitted." Butters v. Wells Fargo Advisors, LLC, No. 10-cv-10072, 2012 WL 5959986, at *2 (D. Mass. Nov. 27, 2012) (citing Swallow v. Fetzer Vineyards, 46 F. App'x 636, 638–39 (1st Cir. 2002)); see also Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) ("In the event that a party opposing summary judgment fails to act in accordance with the rigors that such a rule imposes, a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated.").

### III.     DISCUSSION

Statements of law and legal arguments are not properly part of a party's statement of material facts or a nonmoving party's response thereto. Mackey v. Town of Tewksbury, No. 15-cv-12173, 2020 WL 68243, at *6 (D. Mass. Jan. 7, 2020) ("[S]tatements regarding the law or legal argument [are] not properly a part of an LR. 56.1 statement of additional facts."); Matt v. HSBC Bank USA, 968 F. Supp. 2d 351, 354 n.2 (D. Mass. 2013) (noting that additions to a statement of fact that "offer[] paragraphs of legal argument [] have no place in a party's concise statement of facts"). Plaintiffs' response to Defendants' SOF adds a new section, Section XII, which takes sentences from Defendants' memorandum of law in support of summary judgment, [Picone 245-1], and adds them as facts to the SOF in order to dispute those "facts" with additional legal arguments. All told, the "factual" disputes exceed fifty pages. [FWK 380-1 at 204–264].

After reviewing the totality of Section XII, the Court finds that Plaintiffs impermissibly attempt to contest legal arguments made by Defendant in their memorandum in support of summary judgment. See, e.g., [FWK 380-1 at 204 (discussing Defendants' legal argument that,

4

"[c]ontrary to Plaintiff's No-AG theory, the Shire-Actavis License Agreement expressly granted Shire the right to launch an AG by itself or through an affiliate" (quoting Picone 245-1 at 5)); id. at 205 (disputing Defendants' interpreting the settlement agreement to "explicitly address[] Defendants' rights and obligations if Shire elected to exercise" its right to launch an authorized generic (quoting Picone 245-1 at 13)); id. at 207 (disputing Defendants' assertion that "[t]he undisputed evidence . . . shows that Shire's AG launch right was real and meaningful" (quoting Picone 245-1 at 14)); id. at 222 ("[T]he evidence shows that Shire's AG launch right was a viable option that Shire valued and had the means to carry out." (quoting Picone 245-1 at 26)); id. at 223 ("Shire [] could have sold its Intuniv AG product to an exclusive drug wholesaler, who would in turn resell the Shire AG product to other wholesalers and downstream customers." (quoting Picone 245-1 at 26)); id. at 22 ("[F]rom Actavis's perspective, the only plausible inference to be drawn from the undisputed evidence is that Actavis understood that it was entirely realistic for Shire to launch an AG itself . . . ." (quoting Picone 245-1 at 26)); id. at 238 ("[T]he undisputed evidence of the negotiation between Shire and Actavis shows that the Defendants did not link the date of generic launch to any agreement regarding Shire's AG launch rights." (quoting Picone 245-1 at 36)).

Such legal disputes about what can be drawn from the evidence are more appropriately brought in Plaintiffs' opposition to Defendants' motion for summary judgment. Defendants properly raised these arguments in their memorandum in support of summary judgment, thereby furthering the goal of Local Rule 56.1 by "mak[ing] the parties organize the evidence rather than leaving the burden upon the district judge." Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005); see also CMI Capital Market Inv., LLC v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008) (explaining that the purpose behind "anti-ferret" rules, such as Local Rule 56.1, is to "relieve the

district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute").  The Court will consider them as such and will not treat legal arguments as facts, either when raised in Defendants' memorandum or when impermissibly raised in Plaintiffs' response to the SOF.

Having determined that Section XII must be stricken, the Court declines to take the statements as uncontested.  The relevant "factual" assertions were not part of Defendants' statement of material facts, but rather legal conclusions and arguments asserted in their memorandum in support of summary judgment.  See, e.g., Grundy v. HSBC USA, N.A., No. 17-cv-11449, 2020 WL 1326269, at *2 (D. Mass. Feb. 10, 2020) (finding that inappropriate legal arguments in a statement of facts would be "ignored and not afforded any weight").

## IV. CONCLUSION

Accordingly, because Section XII consists largely of legal arguments that are inappropriate for a statement of material facts, the motions to strike, [FWK 382; Picone 289], are GRANTED.

**SO ORDERED.**

August 26, 2020                                                                  /s/ Allison D. Burroughs
                                                                                 ALLISON D. BURROUGHS
                                                                                 U.S. DISTRICT JUDGE