# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE INTUNIV ANTITRUST LITIGATION<br><br>This Document Relates to: *Direct Purchaser Actions* | Civil Action No. 16-cv-12653-ADB<br><br>**PUBLIC VERSION**<br><br>**Leave to File Under Seal Granted Jan. 12, 2024, ECF No. 694** |

## MEMORANDUM IN SUPPORT OF MEIJER'S MOTION TO VACATE THE ARBITRATOR'S POST-AWARD DECISION TO AWARD ATTORNEYS' FEES AND COSTS

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................1

II.   BACKGROUND..................................................................................................2

III.  ARGUMENT........................................................................................................6

   A.   This Court should address any remaining arbitration-related issues concerning the parties to this case. ..........................................................................................8

   B.   The Arbitrator exceeded her authority in issuing the Post-Arbitration Fee Award. .....8

     1.   The Arbitrator's Award terminated the Arbitrator's jurisdiction. ...................................8

     2.   The Arbitrator refused to consider material evidence and arguments. ...........................11

   C.   The Arbitrator improperly awarded fee-shifting not permitted by any agreement. .....14

     1.   No fee-shifting agreement between Shire and Meijer exists..........................................14

     2.   ███████████████████████████████████████████ .........16

IV.   CONCLUSION ..................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bosack v. Soward,*
  586 F.3d 1096 (9th Cir. 2009) ................................................................................................9

*Chen v. Kyoto Sushi, Inc.,*
  No. 2:15-cv-07398-DLI-RER, 2021 WL 1224377 (E.D.N.Y. Apr. 1, 2021) ......................9, 10

*Crawford Grp., Inc. v. Holekamp,*
  No. 4:06-CV-1274 CAS, 2007 WL 844819 (E.D. Mo. Mar. 19, 2007).................................12

*Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC,*
  610 F. App'x 464 (6th Cir. 2015) ...........................................................................................17

*East West Bank v. Shanker,*
  No. 20-cv-07364–WHO, 2021 WL 6049912 (N.D. Cal. Dec. 20, 2021) ..................................17

*Georgia-Pacific Corp. v. Loc. 27, United Paperworkers Int'l Union,*
  864 F.2d 940 (1st Cir. 1988) ............................................................................................7, 8

*Hartford Fin. Sys., Inc. v. Florida Software Servs., Inc.,*
  550 F.Supp. 1079 (D.Me. 1982) .............................................................................................7

*Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Loc. 901,*
  763 F.2d 34 (1st Cir. 1985)....................................................................................................11

*InfoTek Corp. v. Preston,*
  626 F. Supp. 3d 885 (D. Md. 2022) .......................................................................................12

*Int'l Brotherhood of Elec. Workers, Loc. Union 824 v. Verizon Florida, LLC,*
  803 F.3d 1241 (11th Cir. 2015) ...............................................................................................9

*Legion Ins., Co. v. VCM, Inc.,*
  198 F.3d 718 (8th Cir. 1999)....................................................................................................9

*Lindland v. United States Wrestling Ass'n, Inc.,*
  227 F.3d 1000 (7th Cir. 2000) ......................................................................................7, 8, 19

*Lyng v. Payne,*
  476 U.S. 926 (1986)................................................................................................................15

*Meijer, Inc., et al. v. Shire LLC, et al.,*
  AAA Case No. 01-21-0002-3258 .............................................................................................3

ii

*Morgan v. Sundance Inc.,*
    596 U.S. 411 (2022) ..................................................................................... 14, 15

*Perdue v. Kenny A. ex rel. Winn,*
    559 U.S. 542 (2010) ..................................................................................... 14, 17

*Poland Spring Corp. v. United Food & Com. Workers Int'l Union, AFL–CIO–CLC,*
    *Loc. 1445,*
    314 F.3d 29 (1st Cir. 2002) ............................................................................. 7, 8

*Tempo Shain Corp. v. Bertek, Inc.,*
    120 F.3d 16 (2d Cir. 1997) ................................................................................. 11

*Theofano Mar. Co. v. 9,551.19 Long Tons of Chrome Ore on Bd. the Aliakmon,*
    122 F.Supp. 853 (D.Md. 1954) ............................................................................ 8

*Toddle Inn Franchising, LLC v. KPJ Assoc., LLC,*
    8 F. 4th 56 (1st Cir. 2021) ................................................................................... 17

*Viking River Cruises, Inc. v. Moriana,*
    142 S. Ct. 1906 (2022) ......................................................................................... 15

*Williams Cos., Inc. v. Energy Transfer Equity, L.P.,*
    159 A.3d 264 (Del. 2017) ..................................................................................... 15

**Statutes**

9 U.S.C. § 10 .................................................................................................................. 7

9 U.S.C. § 10(a)(3) ........................................................................................................ 11

9 U.S.C. § 10(a)(3), (4) ................................................................................................. 7

9 U.S.C. § 12 .................................................................................................................. 7

Federal Arbitration Act § 9 ......................................................................................... 8

Federal Arbitration Act § 10(a) ............................................................................. 6, 14

**Rules**

AAA Commercial Rule 47(d) ....................................................................................... 4

AAA Commercial Rule 49(d) ....................................................................................... 4

AAA Commercial Rule 49(d)(2) .............................................................................. 9, 13

AAA Commercial Rule 52 .................................................................................. 3, 4, 8, 9

Fed. R. Civ. P. 54(b) ................................................................................................... 14

**Other Authorities**

Karla Gilbride, *In Morgan v. Sundance, the Supreme Court Strikes A Blow Against Arbitration Exceptionalism*, 26 J. Consumer & Com. L. 15 (2022) ................................................15

# I.      INTRODUCTION

Eight months after representing to this Court that arbitration had "concluded,"[1] Shire filed a motion for fees with the Arbitrator. And despite having no jurisdiction to address the motion or grant the relief it sought, on November 2, 2023, the Arbitrator ordered Meijer to pay ████████████████████████████████████████████ (the "Post-Arbitration Fee Award"). Rather than face the court that has addressed all of the arbitration-related motions in this case—this Court—Shire filed a petition to confirm the fee award in the Southern District of New York. Meijer moves here to vacate the Post-Arbitration Fee Award or, in the alternative, for a stay of enforcement of the award pending appeals of the arbitration-related decisions in this case.

The Federal Arbitration Act permits a district court to vacate an arbitration award where arbitrators have "exceeded their powers" or refused to consider material evidence or arguments. In issuing the Post-Arbitration Fee Award, the Arbitrator ran afoul of the Federal Arbitration Act in at least three ways. First, because arbitration on the sole issue referred to her had concluded many months before, the Arbitrator had no jurisdiction or authority to hear Shire's fee request. Second, the Arbitrator refused to consider Meijer's evidence and arguments in response to one of Shire's arguments, going so far as to strike Meijer's submission; the Arbitrator then expressly adopted Shire's argument without considering Meijer's rebuttal to it (or the case law Meijer cited). Third, the fee-shifting that Shire seeks is not permitted by any relevant agreement.

There has been no adjudication of the merits of Meijer's claims against Shire. This Court referred only one question to the Arbitrator—the threshold issue of whether Meijer's claims against Shire would have to be arbitrated if Meijer wanted to pursue them. The parties

---

[1] Joint Status Report and [Proposed] Order, ECF No. 590.

1

agree—and jointly told this Court—that arbitration on that sole issue concluded before August 3, 2022. The seeking of fees months later, from an Arbitrator lacking power to grant them, was improper and the granting of those fees by the Arbitrator an abuse of power. The award should be vacated.

## II.   BACKGROUND

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████, on August 28, 2020, Shire moved to compel arbitration of Meijer's claims against it under the doctrine of equitable estoppel, filing a "Motion to Compel Arbitration and Dismiss Meijer's Complaint in Intervention, or Stay Pending Arbitration."[2]

On January 29, 2021, the Court determined that the question of arbitrability of Meijer's claims against Shire had to be decided by an arbitrator and sent this limited threshold inquiry to arbitration, thus granting Shire's motion in part but declining to dismiss Meijer's complaint.[3]

On March 16, 2021, Meijer filed an "Arbitration Demand Pursuant to Court Order," requesting a ruling from the Arbitrator that Shire cannot compel Meijer to arbitrate its antitrust claims.[4] The issue of arbitrability was the "sole issue" presented to the Arbitrator.[5]

---

[2] Mot. to Compel Arbitration & Dismiss Meijer's Compl. in Intervention, or Stay Pending Arbitration, ECF No. 475, at 1; *see also* Mem. in Supp. of Mot. to Compel Arbitration & Dismiss Meijer's Compl. in Intervention, or Stay Pending Arbitration, ECF No. 477, at 1. Shire also addressed the issue of arbitration in its opposition to Meijer's motion to be appointed class representative, ECF 503 at 3–7.

[3] *See* Mem. & Order, ECF No. 554, at 24–25.

[4] *See* Mem. in Supp. of Meijer's Mot. to Reconsider Order Denying Meijer's Mot. to be App. Class Rep. & Granting Shire's Mot. to Compel Arbitration, ECF No. 578, at 4.

[5] Arbitration Scheduling Order No. 1, Ex. 1 to Barnes Decl., at 2.

Neither party presented a claim for attorneys' fees and costs. Neither party nor the Arbitrator broached the notion of bifurcation; with only one issue to be arbitrated, there was no need to contemplate bifurcation in any way.

On June 8, 2022, the Arbitrator issued an "Order on Dispute as to Arbitrability on Referral from the District of Massachusetts" in *Meijer, Inc., et al. v. Shire LLC, et al.*, AAA Case No. 01-21-0002-3258, ruling that ████████████████████████████████████ ████████████████████████████████ under the doctrine of equitable estoppel.[6] The ability of a party to seek a modification of an arbitration award is both substantively and temporally limited; the window for that closed 20 days later, on June 28, 2022.[7] Neither party sought any modification.

On July 8, 2022, the plaintiffs moved this Court to vacate the Arbitrator's decision on arbitrability and to reconsider the initial decision to refer the question of arbitrability.[8] The same day, and in response to the Arbitrator's request, Meijer's counsel emailed the Arbitrator a four sentence joint status report noting: (i) Meijer's position that it intended to file post-award motions in this Court, and (ii) Shire's position that it intended to file a motion for attorneys' fees and costs with the Arbitrator.[9] The joint status report said nothing about the propriety or

---

[6] Order on Dispute as to the Arbitrability on Referral from the District of Massachusetts, Ex. 2 to Barnes Decl., at 14.

[7] *See* AAA Commercial Arbitration Rules and Mediation Procedures at Rule 52 ("Within 20 calendar days after the transmittal of any award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, interpret the award or correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to re-determine the merits of any claim already decided.").

[8] Meijer's Mot. to Vacate the Arbitrator's Decision, ECF No. 574; Meijer's Mot. to Reconsider Order Denying Meijer's Mot. to Be Appointed Class Representative & Granting Shire's Mot. to Compel Arbitration, ECF No. 577.

[9] Joint Status Report to Arbitrator, Ex. 3 to Barnes Decl.

merits of either party's potential future filings—or the Arbitrator's authority to entertain a post-award motion for fees.

On August 3, 2022, in connection with a status report and extension request, the parties jointly represented to this Court that the "matter before the AAA . . . has concluded."[10] The status report said nothing about Shire's intent to seek fees in or connected to the arbitration.

On March 15, 2023, the Court confirmed the Arbitrator's award, denying the motions to vacate and for reconsideration.[11]

On April 7, 2023, Shire moved the Arbitrator for attorneys' fees and costs ("Motion for Fees").[12] Shire grounded its Motion for Fees solely on Rule 49(d)[13] of the AAA Commercial Rules ███████████████████████████████████████████████████████████

███████████████████████████████████████████████."[14] Shire did not identify how or why the Arbitrator had the jurisdiction or authority to hear its motion.

On June 6, 2023, Meijer opposed Shire's motion, arguing in part that the Arbitrator lacked jurisdiction to hear the late request ████████████████████████████████████████

██████████████████████████████.[15]

---

[10] Joint Status Report and [Proposed] Order, ECF No. 590, at 1.

[11] Mem. and Order, ECF No. 613.

[12] Shire's Mot. for Attorneys' Fees and Costs, AAA Ref. No. 01-21-0002-3259, Ex. 4 to Barnes Decl.

[13] The parties' briefing refers to Rule 47(d), rather than 49(d), of the AAA Commercial Rules. Those rules were amended and made effective on September 1, 2022, however, and what was previously Rule 47(d) is now Rule 49(d). The same shift holds true for the parties' references in the arbitration briefing to AAA Commercial Rule 50; that is now Rule 52.

[14] July 2, 2008 Retail Purchase Agreement between Watson Pharma, Inc. and Meijer Distrib. (RPA), ECF 476–1 ¶ 14.2; Jan. 20, 2017 Generic Prods. Purchase Agreement between Teva Pharms. USA, Inc. and The Buyers Consortium, LLC (GPPA), ECF No. 476–4 ¶ 14.3(b).

[15] Meijer's Obj. to Shire's Mot. for Attorneys' Fees, AAA Ref. No. 01-21-0002-3259, at, *e.g.*, 1, 2, Ex. 5 to Barnes Decl.

On July 7, 2023, Shire replied, insisting that the Arbitrator retained jurisdiction to

address a late request for fees ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ █████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████ Shire did not address the representation made to this Court in August

2022, a month after the status report to the Arbitrator, that the arbitration had "concluded."

On July 13, 2023, Meijer offered a three-page sur-reply to rebut Shire's argument that

████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████

███████████████████████████.[17]

---

[16] Shire's Reply in Support of Mot. for Attorneys' Fees, AAA Ref. No. 01-21-0002-3259, at 7, Ex. 6 to Barnes Decl. Shire pointed to two other brief interactions with the Arbitrator wherein Shire reiterated its intent to move for fees before the Arbitrator.

[17] Meijer's Sur-Resp. Opposing Shire's Mot. for Attorneys' Fees, AAA Ref. No. 01-21-0002-3259, Ex. 7 Barnes Decl., at 2-3 (noting, e.g., that in submitting the status report, ████████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████." (citing *InfoTek Corp. v. Preston*, 626 F. Supp. 3d 885, 897–98 (D. Md. 2022) ("InfoTek argues Mr. Preston waived his right to request further discovery by submitting a joint status report noting, 'the parties have successfully completed the depositions of [three witnesses].' That status report, however, was simply an *administrative update* advising the court that the depositions happened.") (internal alterations and citations omitted; emphasis added))).

5

On July 30, 2023, the Arbitrator struck Meijer's rebuttal, asserting that "it plows no new ground."[18]

On November 2, 2023, the Arbitrator issued the Post-Arbitration Fee Award, awarding ██████████████████████████ to Shire and further requiring Meijer to pay all of the Arbitrator's fees and compensation.[19] The decision adopts the argument the Arbitrator blocked Meijer from rebutting, deciding that "████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████"[20]

Addressing Meijer's objection that the AAA rules do not allow the Arbitrator to issue a fee award after an arbitration concludes, the Arbitrator brushed the AAA rules aside, stating "██ ████████████████" that Shire was required to make its fee request as part of the arbitration of the matter at issue, then the rule "████████████████."[21]

On November 30, 2023, Shire filed an independent action to confirm the Post-Arbitration Fee Award in the District Court for the Southern District of New York.[22] Meijer intends to seek dismissal or transfer of that action.

## III.   ARGUMENT

Section 10(a) of the Federal Arbitration Act authorizes district courts to vacate arbitral awards when, among other circumstances:

---

[18] Order Granting Respondent's Requests for Oral Argument and to Strike Claimant's Sur-Response, Ex. 8 to Barnes Decl., at 2. (The Arbitrator called Meijer's surresponse ████ because Meijer did not seek leave to file it. *Id.* Given Shire's arguments and the Arbitrator's decision, it seems clear that the very act of seeking leave would have been construed as an endorsement by Meijer of the Arbitrator's jurisdiction.)

[19] Post-Arbitration Fee Award, Ex. 9 to Barnes Decl., at 7.

[20] Post-Arbitration Fee Award, Ex. 9 to Barnes Decl., at 7.

[21] Post-Arbitration Fee Award, Ex. 9 to Barnes Decl., at 7.

[22] *Shire LLC, et al. v. Meijer, Inc., et al.*, No. 1:23-cv-10479-AT (S.D.N.Y.).

the arbitrators were guilty of misconduct in refusing to postpone the hearing . . .
or in refusing to hear evidence pertinent and material to the controversy, or of
any other misbehavior by which the rights of any party have been prejudiced . . .

or

the arbitrators exceeded their powers, or so imperfectly executed them that a
mutual, final, and definite award upon the subject matter submitted was not
made.[23]

While "[j]udicial review of an arbitrator's decision is extremely narrow and
deferential," a district court's limited role "is not the equivalent of granting limitless power to
the arbitrator."[24] Rather, "[a] challenge to an arbitration award as being beyond the scope of
the arbitrators' authority may be raised in an action to vacate the award under 9 U.S.C. § 10."[25]
As the First Circuit has explained, the "paramount point" is that "the power and authority of an
arbitrator is totally derived from" the relevant arbitration agreement and an arbitrator "violates
[her] obligation to the parties if [she] substitutes '[her] own brand of industrial justice'" for
what has been agreed to by the parties in that contract."[26] In other words, because "arbitrators
assuredly are bound by the contracts and other rules that give them power to act," an
"arbitrator who throws aside those rules and implements [her] 'own brand of … justice'
oversteps [her] powers, and the resulting award must be set aside."[27]

---

[23] 9 U.S.C. § 10(a)(3), (4). Notice of a motion to vacate an arbitral award must be served "within three months after the award is filed or delivered." 9 U.S.C. § 12. Meijer's instant motion falls within that three-month time limit.

[24] *Poland Spring Corp. v. United Food & Com. Workers Int'l Union, AFL-CIO-CLC, Loc. 1445*, 314 F.3d 29, 33 (1st Cir. 2002).

[25] *Hartford Fin. Sys., Inc. v. Florida Software Servs., Inc.*, 550 F.Supp. 1079, 1090-1091 (D.Me. 1982).

[26] *Georgia-Pacific Corp. v. Loc. 27, United Paperworkers Int'l Union*, 864 F.2d 940, 944 (1st Cir. 1988) (quoting *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

[27] *Lindland v. United States Wrestling Ass'n, Inc.*, 227 F.3d 1000, 1004 (7th Cir. 2000) (quoting *United Steelworkers*, 363 U.S. at 597).

7

By ignoring the jurisdictional limitations and explicitly setting aside the rules governing her authority as ███████████████████ the Arbitrator exceeded her authority. "[T]he resulting award must be set aside."[28]

### A.    This Court should address any remaining arbitration-related issues concerning the parties to this case.

The order referring the question of arbitrability of Meijer's claims against Shire issued from this Court. That order controls the scope of the arbitrator's authority.[29] Though it confirmed the Arbitrator's award in March 2023, this Court has not dismissed Meijer's complaint or otherwise entered any final judgment relating to Meijer. The Court continues to have jurisdiction to adjudicate Meijer's claims.[30]

### B.    The Arbitrator exceeded her authority in issuing the Post-Arbitration Fee Award.

Because the Arbitrator had no authority to issue an award of attorneys' fees and costs after the arbitration concluded, the Post-Arbitration Fee Award should be set aside.

#### 1.    The Arbitrator's Award terminated the Arbitrator's jurisdiction.

After an arbitrator issues an award that concludes an arbitration, the arbitrator's continuing authority is constrained to the narrow authority under AAA Rule 52 to modify the award. Rule 52 provides that any request to modify must be made within 20 calendar days and

---

[28] *Lindland*, 227 F.3d at 1004; *see also Poland Spring*, 314 F.3d at 37 (same); *Georgia-Pacific*, 864 F.2d at 944 (same).

[29] *See, e.g., Theofano Mar. Co. v. 9,551.19 Long Tons of Chrome Ore on Bd. the Aliakmon*, 122 F.Supp. 853, 858 (D.Md. 1954) ("Where arbitration results from a court order, the wording of the order and not the original agreement determines the precise scope of the arbitrators' authority and of the matters submitted to arbitration." (quoting Williston on Contracts (Rev.Ed.), Vol. 6, Section 1929, p. 5396)).

[30] While § 9 of the Federal Arbitration Act permits a party to apply for a court order to a court that the parties have specified in their agreement or, if no such specification exists, "to the United States court in and for the district within which such award was made," Shire consented to this Court continuing to hear motions connected to the arbitration when it affirmatively filed its cross-motion to confirm the June 2022 arbitration award in this Court, rather than filing that petition in the Southern District of New York.

seek the correction of "any clerical, typographical, or computational errors in the award"; the Rule expressly prohibits the arbitrator from "redetermin[ing] the merits of any claim already decided."[31] Nothing in the AAA rules permits modifying an arbitration award outside those narrow constraints, which are grounded in the common-law doctrine that an arbitrator's jurisdiction ends when the award resolving the submitted claims is issued.[32] And nothing in the AAA rules permits modifying an award that has been confirmed by a district court.[33]

Under the AAA rules, in the final award, "[t]he award of the arbitrator may include … an award of attorneys' fees if all parties have requested such an award or it is authorized by law or the parties' arbitration agreement."[34] But a party that fails to request fees before an arbitration concludes waives its right to them.[35] *Chen v. Kyoto Sushi, Inc.* is illustrative. After an AAA arbitrator ruled in favor of the employees in an employment-related arbitration but did not include mandatory attorneys' fees in the award, one employee promptly raised the issue and sought a briefing schedule regarding attorneys' fees.[36] The arbitration demand had "indicated [an] intention to seek attorneys' fees," and the parties had discussed the issue during a pre-arbitration conference.[37] But the arbitrator determined that she lacked authority to decide the

---

[31] AAA Commercial Arbitration Rules and Mediation Procedures at Rule 52.

[32] *See Legion Ins., Co. v. VCM, Inc.*, 198 F.3d 718, 719 (8th Cir. 1999) (explaining that "doctrine of *functus officio* prevents arbitrators from revisiting a final award after the final award has been issued"); *Int'l Brotherhood of Elec. Workers, Loc. Union 824 v. Verizon Florida, LLC*, 803 F.3d 1241, 1248 (11th Cir. 2015) (explaining that AAA rules "essentially codif[y] the common law doctrine of *functus officio*") (internal quotation marks omitted); *Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009) (same).

[33] *See Legion Ins.*, 198 F.3d at 720 (explaining that it "would be absurd" for arbitrator to have authority to modify confirmed award).

[34] AAA Commercial Rule 49(d)(2) (emphasis added).

[35] *See, e.g., Chen v. Kyoto Sushi, Inc.*, No. 2:15-cv-07398-DLI-RER, 2021 WL 1224377, at *2, *5 (E.D.N.Y. Apr. 1, 2021) (ruling that AAA arbitrator lacked jurisdiction to grant post-award request for attorneys' fees); AAA Commercial Rule 52 (laying out the limited bases for modifying an award).

[36] *Chen*, at *1–2.

[37] *Id.* at *4.

post-award motion.[38] As the district court explained in refusing to modify the award, "it was not the arbitrator who made a mistake" but, rather, the employees "who failed to submit arguments and evidence in support of reasonable attorney's fees and costs" before the award was issued.[39] "[T]he arbitrator did not have continuing jurisdiction after issuing a final arbitration award."[40]

The arbitration between Meijer and Shire consisted of a single issue: the threshold determination of the arbitrability of Meijer's antitrust claims against ███████████ ██████████████████████████.[41] The parties submitted no other issues to the Arbitrator and neither party sought, or even mentioned, fees at any point before the Arbitrator issued the June 2022 award. As the Arbitrator explained in the Arbitration Scheduling Order: "The parties agree … [t]he sole issue presently before the arbitrator is the threshold and dispositive issue of the arbitrability of the claims Meijer asserted in the related matter before the District Court."[42] When the Arbitrator resolved that sole issue in the June 2022 award, the arbitration was complete and the parties jointly represented to the Court two months later that "[t]he matter before the AAA initiated by Meijer … has concluded."[43]

The *Chen* analysis applies here. If it wanted the Arbitrator to consider the issue of attorneys' fees, Shire bore the burden of requesting them before the arbitration concluded and supporting that request with arguments and evidence. But Shire did not request them.

---

[38] *Id.* at *1.

[39] *Id.* at *2.

[40] *Id.* at *5.

[41] Mem. in Supp. of Meijer's Mot. to Reconsider Order Denying Meijer's Mot. to be App. Class Rep. & Granting Shire's Mot. to Compel Arbitration, ECF No. 578-3 (Ex. 2) ¶¶ 1–2, 31–33.

[42] Arbitration Scheduling Order No. 1, Ex. 1 to Barnes Decl., at 2.

[43] Joint Status Report and [Proposed] Order, ECF No. 590.

Because the arbitration's conclusion meant the end of the Arbitrator's jurisdiction, the Arbitrator no longer had authority to award attorneys' fees. There is no basis under Rule 49 or any other AAA rule for awarding attorneys' fees after the arbitration concludes.

### 2. The Arbitrator refused to consider material evidence and arguments.

The Arbitrator was obligated to "allow each party a fair opportunity to present its evidence and arguments."[44] Failure to do so, including by failing to consider material evidence or arguments, is grounds for vacating an arbitration award.[45]

In its motion for fees and costs, Shire did not explain how the Arbitrator could have had jurisdiction after the arbitration concluded. When Meijer objected, arguing that the Arbitrator's Award concluded the arbitration and ended the Arbitrator's jurisdiction, Shire did not contest that the Arbitrator's Award resolved the only issue submitted in the arbitration. And Shire did not mention, much less attempt to justify, that it represented to this Court in August 2022 that the arbitration was "concluded" and then argued the opposite to the Arbitrator. Instead, Shire addressed the Arbitrator's jurisdiction for the first time in its reply brief, arguing that (i) ████████████████████████████████████████ ████████████████████████████████████, and (ii) ████████████████████████████ ████████████████████████████████████████████████████.

---

[44] The Code of Ethics for Arbitrators in Commercial Disputes, American Arbitration Association, Canon IV(B).

[45] 9 U.S.C. § 10(a)(3) (authorizing vacatur "where the arbitrators were guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy"); *see also Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Loc. 901*, 763 F.2d 34, 39 (1st Cir. 1985) (vacating award because arbitrator "must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments); *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (citing *Hoteles* and vacating arbitration award where "there was no reasonable basis for the arbitration panel to determine that [witness's] omitted testimony would be cumulative").

Meijer submitted a three-page sur-reply about the status report and bifurcation, affirming that . Though the submission addressed positions Shire raised for the first time in its reply brief, the Arbitrator struck and refused to consider Meijer's sur-reply.

In awarding ███████████████████████ to Shire ██████████ ████████████████████████, the Arbitrator ignored the evidence and arguments in Meijer's stricken sur-reply, instead declaring that "██████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████[46] The Arbitrator failed to consider Meijer's position, the relevant authority,[47] or the parties' joint representation to this Court that the arbitration already had concluded before Shire sought fees.

While an arbitrator may (with the parties' consent) address issues submitted to arbitration through bifurcated proceedings,[48] the arbitrator's authority to bifurcate an arbitration is irrelevant where, as here, there is only a single issue to arbitrate, there was never a request by either party to bifurcate, and there is no order bifurcating the proceedings. The Arbitrator confirmed at the start of the arbitration that "[t]he parties agree … [t]he sole issue

---

[46] Post-Arbitration Fee Award, Ex 2 to Barnes Decl., at 7.

[47] *See InfoTek*, 626 F. Supp. 3d at 897–98 ("InfoTek argues Mr. Preston waived his right to request further discovery by submitting a joint status report noting, 'the parties have successfully completed the depositions of [three witnesses].' That status report, however, was simply an *administrative update* advising the court that the depositions happened.") (internal alterations and citations omitted; emphasis added).

[48] *See, e.g., Crawford Grp., Inc. v. Holekamp*, No. 4:06-CV-1274 CAS, 2007 WL 844819, at *3 (E.D. Mo. Mar. 19, 2007) (permitting separate award on attorneys' fees because "the record indicates that the parties agreed to a bifurcated arbitration process").

presently before the arbitrator is the threshold and dispositive issue of the arbitrability of the claims Meijer asserted in the related matter before the District Court."[49] When the Arbitrator resolved that issue in the Arbitrator's Award, the parties told this Court that the arbitration "concluded."[50] There was never anything for the Arbitrator to bifurcate, neither Shire, Meijer, nor the Arbitrator suggested bifurcation at any point, and the parties did not agree to a bifurcated arbitration process.

Meijer does not dispute that Shire *could have* submitted a request for attorneys' fees at the outset of the arbitration. And if it had done so, Shire also could have requested bifurcated proceedings. But Shire deliberately avoided those actions,[51] waiting to say anything until after the Arbitrator issued an award (and waiting to file motions until after this Court confirmed the award nearly a year later).

Nothing in the AAA rules allows Shire to make a post-arbitration request for attorneys' fees, and Shire's attempt justify a post-arbitration award—under the guise of "bifurcating" the arbitration after-the-fact—is baseless. There is no such thing as bifurcating an arbitration *after* it has concluded and the Arbitrator should have, but failed to, consider and address Meijer's evidence and arguments on this matter.

---

[49] Arbitration Scheduling Order No. 1, Ex. 1 to Barnes Decl., at 2.

[50] Joint Status Report and [Proposed] Order, ECF No. 590.

[51] Under AAA Commercial Rule 49(d)(ii), attorneys' fees may be awarded "if all parties have requested such an award or it is authorized by law or their arbitration agreement." Given Meijer's position that the Meijer-Actavis agreements were inapplicable to Meijer's claims against Shire, Shire surely understood that Meijer could not seek attorneys' fees as "authorized by law or their arbitration agreement." Meijer could only seek fees as part of an award if "all parties" (*i.e.*, Shire) did the same: if Shire said at the outset of the arbitration that a decision on the arbitrability issue should include an award of fees, Meijer could have made the same demand. Shire had to make a choice. It could either: (i) refrain from requesting attorneys' fees and, by doing so, block Meijer from the possibility of obtaining them; or (ii) request attorneys' fees and, by doing so, open the door for Meijer to do the same. It chose the first path and should not now be permitted to change it.

### C.   The Arbitrator improperly awarded fee-shifting not permitted by any agreement.

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses."[52] While parties may contract out of this "American Rule" by agreeing to fee-shifting provisions, Meijer and Shire never agreed to do so, ███████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████

### 1.   No fee-shifting agreement between Shire and Meijer exists.

Meijer and Shire have no agreement between them, much less an agreement containing fee-shifting provisions. That point is undisputed. The Arbitrator based the fee award on ██

███████████████████████████████████████████████████ an arbitration-specific version of equitable estoppel. But as the Supreme Court recently confirmed in *Morgan v. Sundance Inc.*, arbitration-specific versions of ordinary procedural rules are not allowed under the Federal Arbitration Act.[53] To invoke equitable estoppel, Shire must satisfy all the usual elements, including the essential element of detrimental reliance. Because Shire has never argued that it detrimentally relied on any statement or conduct by Meijer, equitable estoppel does not apply.

Under the FAA, "a court must hold a party to its arbitration contract just as the court would to any other kind."[54] While "ordinary procedural rule[s]" may be applied in the context

---

[52] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010); *see also ATP Tour, Inc. v. Deutscher Tennis Bund*, 91 A.3d 554, 558 (Del. 2014) ("Delaware follows the American Rule, under which parties to litigation generally must pay their own attorneys' fees and costs.").

[53] *Morgan v. Sundance Inc.*, 596 U.S. 411, 419 (2022). Meijer presented *Morgan*-related arguments to the Court in connection with the parties' motions after the Arbitrator's Award was issued. The Court concluded that those arguments did not permit the Court to vacate the Arbitrator's Award under Section 10(a) of the FAA, but under Rule 54(b) of the Federal Rules of Civil Procedure, the Court may revise that decision at any time because final judgment has not been entered.

[54] *Morgan*, 596 U.S. at 412.

of arbitration, "the text of the FAA makes clear that courts are not to create arbitration-specific procedural rules" that "tilt the playing field in favor of (or against) arbitration."[55] As the Court explained, "[t]he federal policy is about treating arbitration contracts like all others, not about fostering arbitration."[56] A procedural rule may be applied in the context of arbitrations only if applied in the "usual" way—i.e., as it would be applied in any other context.[57]

In *Morgan* itself, the Court rejected an arbitration-specific variant of the rule of waiver: because the "usual" rule does not require a showing of prejudice, no such showing could be required in the context of arbitrations.[58] And *Morgan* encompasses all "ordinary procedural rule[s]—whether of waiver or forfeiture or what-have-you."[59] This necessarily includes equitable estoppel, the heart of which, under the "usual" rule, is detrimental reliance: if you lead someone to believe something, and they rely on that belief to their detriment, you will be estopped from arguing otherwise.[60]

---

[55] *Id.* at 412.

[56] *Id.* at 412.

[57] *Id.* at 419; *see also, e.g.*, Karla Gilbride, *In Morgan v. Sundance, the Supreme Court Strikes A Blow Against Arbitration Exceptionalism*, 26 J. Consumer & Com. L. 15, 17 (2022) (noting that "In the wake of the Supreme Court's opinion in *Morgan*, with the liberal federal policy favoring arbitration explained as merely another formulation of the equal-treatment principle, defendants … will no longer be able to use the liberal federal policy as an all-powerful tiebreaker, or a mechanism for throwing out existing contract rules and creating new ones specific to the arbitration context.") Ms. Gilbride argued the *Morgan* case before the Supreme Court.

[58] *Morgan*, 596 U.S. at 419.

[59] *Id.* at 418. It is no answer that *Morgan* addressed a federal procedural rule, not a state rule. The Court's holding in *Morgan* is rooted in the FAA, and under the Supremacy Clause, the FAA preempts state legal rules "that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1917 (2022) (quotation marks omitted).

[60] *Lyng v. Payne*, 476 U.S. 926, 935 (1986) ("An essential element of any estoppel is detrimental reliance on the adverse party's misrepresentations."); *Williams Cos., Inc. v. Energy Transfer Equity, L.P.*, 159 A.3d 264, 275 (Del. 2017) ("The doctrine of equitable estoppel may be invoked when a party by his conduct intentionally or unintentionally leads another, in reliance upon that conduct, to change position to his detriment.") (quotation marks omitted).

The import of *Morgan* here is unambiguous: Shire cannot invoke equitable estoppel without satisfying the usual element of detrimental reliance. Shire did not do so. It did not contend—and the Arbitrator did not conclude—that its fee petition (or its motion to compel arbitration under an arbitration-specific variant of "equitable estoppel") is based on any statement or conduct of Meijer that led Shire to "change position" to its "detriment." Thus, under *Morgan*, there is no basis to invoke the ordinary doctrine of equitable estoppel, ████████ ████████████████████████████████████████████████████████████.

Because the Arbitrator again disregarded the Supreme Court's holding in *Morgan* and awarded attorneys' fees and costs to Shire by applying a prohibited arbitration-specific version of equitable estoppel, the award should be vacated.



***2.***

---



---

[62] *Toddle Inn Franchising, LLC v. KPJ Assoc., LLC*, 8 F. 4th 56, 66 (1st Cir. 2021) (quotation marks omitted) (affirming award of attorneys' fees under broad agreement).

[63] *ATP Tour*, 91 A.3d at 558; *Perdue*, 559 U.S. at 550.

[64] *See Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 610 F. App'x 464, 469-70 (6th Cir. 2015) (finding no basis to depart from American Rule).

[65] *East West Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 WL 6049912, at *4 (N.D. Cal. Dec. 20, 2021).

[66] *Id.* at *3.

[67] ████████████████████████████████████.





## IV.    CONCLUSION

Meijer respectfully asks the Court to set aside the Arbitrator's award of attorneys' fees and costs for the fundamental reason that the Arbitrator exceeded her powers by rendering a post-arbitration award. In addition, Meijer asks the Court to set aside the award because the fee-shifting is not permitted by any agreement between the parties. In the alternative, Meijer seeks a stay of enforcement of the award pending appeals of the arbitration-related decisions in this case.

---

[70] ███████████████████████████████

[71] *Lindland*, 227 F.3d at 1004 (quoting *United Steelworkers*, 363 U.S. at 597).

Dated: January 12, 2024     Respectfully submitted,

*/s/ Lauren G. Barnes*
Lauren G. Barnes (BBO #663819)
Thomas M. Sobol (BBO #471770)
Abbye R. Klamann Ognibene (BBO #708584)
Claudia Morera (BBO #709507)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
lauren@hbsslaw.com
abbyeo@hbsslaw.com
claudiam@hbsslaw.com

*Counsel for Plaintiffs Meijer, Inc. and Meijer
Distribution, Inc., and Lead Counsel for the Direct
Purchaser Class*

Joseph M. Vanek
Paul E. Slater
David P. Germaine
John P. Bjork
SPERLING & SLATER, LLC.
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492
jvanek@sperling-law.com
pslater@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com

*Counsel for Plaintiffs Meijer, Inc. and Meijer
Distribution, Inc., and Lead Counsel for the Direct
Purchaser Class*

## CERTIFICATE OF SERVICE

I hereby certify that the public version of this document will be filed through the CM/ECF system and thus will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 12, 2024. The sealed version of this document will be sent to Docket Clerk Caetlin McManus by email (Caetlin_McManus@mad.uscourts.gov) and to all counsel of record by email.

Dated: January 12, 2024                                              */s/ Lauren G. Barnes*
                                                                      Lauren G. Barnes