**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETS**

In re INTUNIV ANTITRUST LITIGATION

This Document Relates to: *Direct Purchaser Actions*

Civil Action No. 1:16-cv-12653-ADB

**MEMORANDUM IN SUPPORT OF**
**SHIRE'S MOTION TO TRANSFER TO SDNY MEIJER'S MOTION TO**
**VACATE THE ARBITRATOR'S FINAL AWARD (ECF No. 695)**

**[REDACTED PUBLIC VERSION—LEAVE TO FILE UNDER SEAL GRANTED ON**
**JANUARY 16, 2024 (ECF No. 698)]**

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.....................................................................2

LEGAL STANDARD....................................................................................................................6

ARGUMENT .................................................................................................................................7

      I.      SDNY is the Proper Venue for Shire's Petition to Confirm and Meijer's
           Motion to Vacate................................................................................................ 7

      II.     The Relevant Action was First Filed in SDNY ...................................................... 8

      III.    The Convenience of the Parties and Interest of Justice Weigh in Favor of
           Transfer to SDNY ............................................................................................. 10

RELIEF REQUESTED...................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Littoral Soc. v. U.S. E.P.A.*,
   943 F. Supp. 548 (E.D. Pa. 1996) ...........................................................................7

*Bos. Post Partners II, LLP v. Paskett*,
   No. 15-13804-FDS, 2016 WL 3746474 (D. Mass. July 8, 2016) .............................6

*Cianbro Corp. v. Curran-Lavoie, Inc.*,
   814 F.2d 7 (1st Cir. 1987) ...................................................................................7, 9

*Cont'l Grain Co. v. The FBL-585*,
   364 U.S. 19 (1960) ................................................................................................7

*Deaton v. Johnson*,
   2023 WL 3158933 (D.R.I. Apr. 26, 2023) .............................................................7

*Doctor's Assocs., Inc. v. Stuart*,
   85 F.3d 975 (2d Cir. 1996) ...................................................................................8

*EMC Corp. v. Parallel Iron, LLC*,
   914 F. Supp. 2d 125 (D. Mass. 2012) .................................................................10

*Hewlett-Packard Co. v. Berg*,
   61 F.3d 101 (1st Cir. 1995) ...................................................................................9

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*,
   553 F.2d 842 (2d Cir. 1977) .................................................................................8

*Rizzo v. Zalkin*,
   No. 92 CIV. 6127 (SWK), 1994 WL 114836 (S.D.N.Y. Mar. 31, 1994) ...............12

*Shire LLC et al v. Meijer, Inc. et al*,
   No. 1:23-cv-10479-AT (S.D.N.Y.), Dkt. No. 1 ............................................ *passim*

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) .............................................................................................6, 7

*Thakkar v. United States*,
   389 F. Supp. 3d 160 (D. Mass. 2019) .................................................................10

*Waithaka v. Amazon.com, Inc.*,
   404 F. Supp. 3d 335 (D. Mass. 2019), *aff'd*, 966 F.3d 10 (1st Cir. 2020) .........7, 10

ii

*World Energy Alternatives, LLC v. Settlemyre Indus., Inc.,*
    671 F. Supp. 2d 215 (D. Mass. 2009) ...................................................................7, 9

**Statutes**

9 U.S.C. §§ 9, 10 ...................................................................................................................7

9 U.S.C. § 16(a)(1)(D) .........................................................................................................9

28 U.S.C. § 1332(a)(1) .........................................................................................................8

28 U.S.C. § 1404(a) ...............................................................................................5, 6, 7, 10

**Other Authorities**

AAA Rules, Rule 52(c) ......................................................................................................3, 8

Fed. Rules Appel. Proc. 4(a) .................................................................................................9

Local Rule 7.1 ........................................................................................................................5

# INTRODUCTION

Meijer filed its Motion to Vacate the Arbitrator's Final Award (ECF No. 695) with this Court despite no longer being a party to this action and without regard to Shire's already pending Petition to Confirm the very same Final Award—namely, an award of fees and costs in Shire's favor—that Shire appropriately filed in the Southern District of New York. Meijer seeks to create parallel actions to decide these related motions in an effort to delay payment to Shire for fees and costs it incurred over years of needless litigation. Shire merely seeks to avoid that inefficiency and end this saga as soon as possible.

On November 2, 2023, the Honorable Allyson K. Duncan (Ret.) ("Arbitrator") rendered the Final Award in the AAA-ICDR arbitration between Shire and Meijer. ECF No. 696, Ex. 9 (Final Award). In the Final Award, as required by the applicable arbitration agreements and the AAA Commercial Arbitration Rules, Judge Duncan ordered that █████████████████ ████████████████████████████████████████████████████████████████ ███████. *Id.* at 7-8. On November 30, 2023, Shire filed a Petition to Confirm the Final Award in the Southern District of New York—where venue is proper and the court can exercise personal jurisdiction over Meijer. More than six weeks later, on January 12, 2024, Meijer—which is no longer a party to the above-captioned proceeding—filed *in this Court* a Motion to Vacate the Final Award. ECF Nos. 695, 696.

Meijer's intention appears clear: delay adjudication of Shire's Petition to Confirm without regard to costs or efficiency. By contrast, Shire seeks to more expeditiously resolve its Petition to Confirm and Meijer's Motion to Vacate, and to reduce the burden on this Court's docket ahead of a currently scheduled four-week trial. To that end, Shire hereby moves to transfer Meijer's Motion to Vacate to U.S. District Court Judge Analisa Torres in the Southern District of New York, where it can be joined with Shire's first-filed Petition to Confirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The above-captioned antitrust litigation was initiated in this Court on December 30, 2016 ("Antitrust Litigation").  ECF No. 1.  On June 2, 2020, non-party Meijer moved to intervene in the Antitrust Litigation, and on September 8, 2020, Meijer asked to serve as class representative.  *See* ECF Nos. 439, 485; *see also* ECF No. 613 at 1.  After limited discovery into Meijer's adequacy to serve as class representative, Shire moved to compel Meijer to arbitrate its claims in accordance with two agreements (ECF No. 475); namely: (i) a certain Retail Purchase Agreement ("RPA") (ECF No. 476, Ex. 1) and (ii) a certain Generic Products Purchase Agreement ("GPPA") (ECF No. 476, Ex. 4) (collectively, the "Agreements").

The Agreements provide that (i) ; (ii) ; and (iii) . ECF No. 476, Ex. 1 (RPA), § 14.2; ECF No. 476, Ex. 4 (GPPA), §§ 14.3(a)-(b).  The Agreements also provide that ECF No. 476, Ex. 1 (RPA), § 14.2; ECF No. 476, Ex. 4 (GPPA), § 14.3(b) (emphasis added).

On January 29, 2021, this Court granted Shire's motion to compel arbitration, compelling the parties to arbitrate the arbitrability of Meijer's claims.  *See* ECF Nos. 553, 554.  This Court also denied Meijer's motion to be appointed class representative with leave to renew should an arbitrator find that Meijer's claim were not arbitrable.  *Id.*

On June 8, 2022, the Arbitrator rendered an Order on Dispute as to Arbitrability on Referral from the District of Massachusetts ("Order on Arbitrability").  ECF No. 696 ("Barnes Decl."), Ex. 2.  The Arbitrator found Meijer's claims to be arbitrable and that Shire, as a non-signatory to

the Agreements, could enforce the Agreements' arbitration provisions under the doctrine of equitable estoppel. *See id.*, Ex. 2, at 6-14; *see also* ECF No. 613, at 8.

In the closing section of the Order on Arbitrability, Judge Duncan instructed the parties ███

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Barnes Decl., Ex. 2,

at 14 (emphasis added). On July 8, 2022, Meijer responded to Judge Duncan's instructions,

indicating that ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

*Id.*, Ex. 3; *see also id.*, Ex. 9 (Final Award), at 2. On behalf of Shire, Meijer also informed the

Arbitrator that ████████████████████████████████████████████████████████

██████████████████████████████[1]   *Id.*, Ex. 3; *see also id.*, Ex. 9. Meijer further

stated that ██████████████████████████████████████████████████████████████

███████████████████████████████ *Id.*, Ex. 3

Also on July 8, 2022, Meijer filed a motion with this Court to vacate the Order on Arbitrability, as it stated it would. ECF No. 574. Meijer further moved the Court to reconsider its Order denying Meijer's motion to serve as class representative and granting Shire's motion to compel arbitration. ECF No. 577. On November 3, 2022, Shire cross-moved to confirm the Order on Arbitrability. ECF No. 602; *see also* ECF No. 613 at 2.

On March 15, 2023, this Court denied Meijer's motion to vacate and granted Shire's cross-motion to confirm. ECF No. 613. The Court also denied Meijer's motion for reconsideration. *Id.*

---

[1] Rule 47(d)(2) of the AAA Commercial Rules provides that "[t]he award of the arbitrator(s) may include: . . . an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."

As stated in Meijer's message to the Arbitrator on July 8, 2022 (above), ███████████

████████████████████████████████. *See* Barnes Decl., Ex. 9,

at 2. ██████████████████████████████████████████████████

████████.[2]  *See id.* ███████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████. *Id.*

On November 2, 2023, the Arbitrator rendered her Final Award, holding that:

    (i) ████████████████████████████████████

████████████████████(Barnes Decl., Ex. 9,

    at 6-7); and

    (ii) ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

*Id.*, Ex. 9, at 8.

On November 16, 2023, Shire requested confirmation as to whether Meijer intended to comply with the Final Award. Barlow Decl., ¶ 2. Meijer responded on November 20, 2023, stating that it intended to move to vacate the Final Award. *Id.*  On November 30, 2023, Shire filed its Petition to Confirm in the Southern District of New York, and the matter was assigned to the Honorable Judge Analisa Torres. *See id.*, ¶ 3; *Shire LLC et al v. Meijer, Inc. et al*, No. 1:23-cv-10479-AT (S.D.N.Y.) ("SDNY Action"), Dkt. No. 1.  Shire filed its Petition in SDNY as opposed to this Court because:

    (i)    venue is indisputably proper in SDNY and that court can indisputably exercise personal jurisdiction over Meijer;

---

[2] ████████████████████████████████████████████████████████████

████████████  *See* Barnes Decl., Ex. 9, at 2.

     (ii)     in view of the Court's confirmation of the Order on Arbitrability, and its denial of Meijer's motion to serve as class representative, Meijer is no longer a party to the Antitrust Litigation; and

     (iii)    Shire believed that it could more efficiently obtain confirmation of the Final Award in SDNY given the upcoming month-long trial in the Antitrust Litigation, the extensive pre-trial motion practice already before this Court, and the additional pre-trial activity forthcoming.

*See* Barlow Decl., ¶ 3.

On December 1, 2023, Judge Torres issued an order explaining that "[p]roceedings to confirm an arbitral award must be 'treated as akin to a motion for summary judgment.'"  SDNY Action, Dkt. No. 5 (citation omitted).  Accordingly, the order required Shire to file a statement pursuant to Local Civil Rule 56.1 by December 22, 2023, which Shire duly filed.  SDNY Action, Dkt. Nos. 5, 19.  The order further required, *inter alia*, that Meijer file its opposition to Shire's Petition to Confirm by January 12, 2024.  SDNY Action, Dkt. No. 5

On January 9, 2024, Meijer filed a letter motion with the court requesting an extension—to February 5, 2024—to file its opposition, which the court granted.  SDNY Action, Dkt. Nos. 29, 31.  Meijer also stated its intention to file (i) a motion to dismiss under Rule 12(b), and (ii) a motion to transfer to this Court under 28 U.S.C. § 1404(a).  SDNY Action, Dkt. No. 29.  Finally, Meijer stated that it intended to file with this Court a motion to vacate the Final Award.  *Id.*  On January 12, 2024, Meijer filed its Motion to Vacate.  ECF Nos. 695, 696.

For the reasons below, Shire respectfully requests that, pursuant to 28 U.S.C. § 1404(a), Meijer's Motion to Vacate be transferred to the SDNY Action, in which the motion could be heard together with Shire's Petition to Confirm.[3]

---

[3] In accordance with Local Rule 7.1, counsel conferred regarding the relief requested herein, and counsel for Meijer indicated that Meijer opposes this motion.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), district courts may transfer any civil action to any other district or division where the case might have been brought, or to which all parties consented, if the transfer is "in the interest of justice," and made for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a).  The district court must first determine whether the action could have properly been brought in the proposed transferee court.  *Bos. Post Partners II, LLP v. Paskett*, No. 15-13804-FDS, 2016 WL 3746474, at *9 (D. Mass. July 8, 2016).  After this initial determination, the court—in an exercise of its discretion—must undertake an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

In exercising its discretion, a district court may consider a vast array of private and public interest factors, including, among others, the following:[4]

    (i)       the order in which the district court obtained jurisdiction;

    (ii)      the parties' private expression of their venue preferences;

    (iii)     the plaintiff's choice of forum;

    (iv)     the convenience of the parties;

    (v)      the possibility of consolidation;

    (vi)     the relative congestion between the transferor and transferee district, including administrative difficulties flowing from court congestion;

---

[4] District courts also consider other factors that do not appear to be relevant to the circumstances here, including: (i) the availability of documents; (ii) ease of access to sources of proof; (iii) availability of compulsory process to compel attendance of witnesses; (iv) cost of attendance of willing witnesses; and (v) ease of a view of premises, if necessary.  *See, e.g.*, *Waithaka v. Amazon.com, Inc.*, 404 F. Supp. 3d 335, 349 (D. Mass. 2019), *aff'd*, 966 F.3d 10 (1st Cir. 2020)  None of these factors appear to arise in the circumstances of a petition to confirm and cross-motion to vacate an arbitration award, given that such proceedings are summary in nature and do not require the attendance of witnesses and will likely be decided on the parties' papers.

(vii)   the status of the court's trial calendar;

(viii)  practical problems making adjudication easy, expeditious, and inexpensive;

(ix)    any connection between the forum and the issues; and

(x)     the familiarity of the forum with the law that will govern the case.

*See, e.g.*, *Stewart Org.*, 487 U.S. at 30; *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987); *Waithaka v. Amazon.com, Inc.*, 404 F. Supp. 3d 335, 349 (D. Mass. 2019), *aff'd*, 966 F.3d 10 (1st Cir. 2020); *World Energy Alternatives, LLC v. Settlemyre Indus., Inc.*, 671 F. Supp. 2d 215, 218 (D. Mass. 2009); *Deaton v. Johnson*, 2023 WL 3158933, at *8 (D.R.I. Apr. 26, 2023); *Am. Littoral Soc. v. U.S. E.P.A.*, 943 F. Supp. 548, 550 (E.D. Pa. 1996).

The first factor above—the order in which the district court obtained jurisdiction—is particularly relevant here.  "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision."  *Cianbro*, 814 F.2d at 11.  As the Supreme Court explained, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

**ARGUMENT**

**I.   SDNY is the Proper Venue for Shire's Petition to Confirm and Meijer's Motion to Vacate**

In an action to confirm or vacate an arbitration award, venue is proper in the "court in and for the district wherein the award was made."  9 U.S.C. §§ 9, 10.  Here, the Final Award was "made" in New York, NY—████████████████████████████████████

██████████████████████████████████.  *See* Barnes Decl., Ex. 9, at 9.  Thus venue

is proper in SDNY for both the Petition to Confirm and the corresponding Motion to Vacate.[5]

As courts in the Second Circuit have held, an "agreement to resolve disputes by arbitration

in New York constitute[s] consent to personal jurisdiction in New York."  *Merrill Lynch, Pierce,*

*Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842, 844 (2d Cir. 1977); *see also, e.g.*, *Doctor's*

*Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a

particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts

within that jurisdiction.").  SDNY also has subject matter jurisdiction over both the Petition to

Confirm and the Motion to Vacate pursuant 28 U.S.C. § 1332(a)(1) (diversity jurisdiction), as there

is complete diversity of citizenship between the parties and the amount in controversy is greater

than $75,000.00, exclusive of interest and costs.

Accordingly, Shire's Petition to Confirm the Final Award is properly before the SDNY

Court—in terms of both venue and personal jurisdiction—and SDNY is also an appropriate venue

for Meijer's Motion to Vacate.

## II.   **The Relevant Action was First Filed in SDNY**

Shire's Petition to Confirm and Meijer's Motion to Vacate are essentially identical

actions—they are two sides of the same coin.  At bottom, both actions seek adjudication of the

enforceability of the same arbitration award, with Shire looking to confirm the award and Meijer

looking to vacate it.  Shire's Petition to Confirm was filed first—on November 30, 2023.  Under

the first-to-file rule, Meijer's Motion to Vacate should be transferred to SDNY and joined with

---

[5] Pursuant to the AAA Arbitration Rules, Meijer is also deemed to have consented to SDNY's jurisdiction and the court there may enter judgment on the Final Award.  AAA Rules, Rule 52(c) ("Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.").

Shire's Petition to Confirm.  *See, e.g.*, *Cianbro*, 814 F.2d at 11 ("Where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision.").

Shire anticipates that Meijer will argue that the proceeding in *this Court* was the "first filed" because the Antitrust Litigation—dating back to 2016—predates the SDNY Action, and this Court previously addressed issues relating to the arbitration.  Such an argument would misstate the workings of the "first-filed rule," which is implicated only when two competing suits are "***identical***."  *See, e.g.*, *World Energy*, 671 F. Supp. 2d at 218 ("Because the 'first-filed rule' is only implicated when two competing suits are 'identical,' it is not applicable in the instant situation.").

The Antitrust Litigation is not identical to the SDNY Action and it has no bearing on the underlying arbitration proceeding—*i.e.*, as to whether Meijer's claim is arbitrable or whether Meijer is required to pay Shire's costs and attorneys' fees relating to the arbitration.  Indeed, once this Court confirmed the Order on Arbitrability (ECF No. 613)—a final order which Meijer failed to timely appeal, 9 U.S.C. § 16(a)(1)(D)—Meijer ceased to be a party in this action and the Court no longer has jurisdiction over Meijer.  *See also* Fed. Rules Appel. Proc. 4(a) (requiring notice of appeal "within 30 days after entry of judgment *or order* appealed from") (emphasis added); *Hewlett-Packard Co. v. Berg*, 61 F.3d 101 (1st Cir. 1995) (order confirming arbitration award was immediately appealable despite lack of final judgment).

Therefore, while the Antitrust Litigation technically predates the SDNY Action, this Litigation and the SDNY Action are not "identical" suits that would implicate the first-to-file rule.  By contrast, Shire's Petition to Confirm in the SDNY Action and Meijer's later filed Motion to

Vacate are identical.[6]  Indeed, another proper way of viewing Meijer's motion to vacate would be as an opposition to Shire's Petition to Confirm.  Meijer's motion should be transferred to the SDNY Action, which is the first-filed action.

## III.  The Convenience of the Parties and Interest of Justice Weigh in Favor of Transfer to SDNY

As explained above, district courts consider a wide array of factors in determining whether the convenience of the parties and interest of justice would be served by transferring a matter to a different venue.  As shown in the table below, weighing the relevant factors in the circumstances of this case compels the conclusion that Meijer's Motion to Vacate should be transferred to the ongoing SDNY Action.

| No. | Factor | Analysis |
|---|---|---|
| (i) | The order in which the district court obtained jurisdiction. | **Favors SDNY**.  As explained above, the relevant action for present purposes—*i.e.*, Shire's Petition to Confirm—was first filed in SDNY. |
| (ii) | The parties' private expression of their venue preferences. | **Favors SDNY**.  The Agreements giving rise to the arbitration provide that ███████████ ██████████████.  *See* ECF No. 476, Ex. 1 (RPA), § 14.2; ECF No. 476, Ex. 4 (GPPA), §§ 14.3(a)-(b). |
| (iii) | The plaintiff's choice of forum. | **Favors SDNY**.  Shire, as the first mover, chose SDNY, including for the reasons noted above. *See* Barlow Decl., ¶ 3. |
| (iv) | The convenience of the parties. | **Favors SDNY**, or at worst, neutral.  By having consented to arbitration in New York, the parties |

---

[6] Even if the Court were to conclude that its prior handling of arbitration-related issues means that the relevant action was the "first filed" in this District, transfer to SDNY would still be appropriate because courts have "discretion to give preference to a later-filed action when the action will better serve the interests involved."  *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 127 (D. Mass. 2012) (citations omitted); *see also id.* ("the first-to-file rule is not to be applied in a mechanical way" and "[e]xceptions to the rule are not rare") (citations omitted).  "'[F]airness considerations and equitable concerns could bar the application of the [first-to-file] rule,' as can 'demonstrations of prejudice'" or when "the balance of convenience substantially favors the second-filed action."  *Id.*; *Thakkar v. United States*, 389 F. Supp. 3d 160, 170-71 (D. Mass. 2019) (citations omitted).  As explained herein in Section III, other factors that district courts consider under § 1404(a) favor SDNY as well, and venue in SDNY would be substantially more convenient than adjudicating Meijer's Motion to Vacate in this Court (particularly in the midst of gearing up for a major trial in the Antitrust Litigation).

| No. | Factor | Analysis |
|---|---|---|
| | | have already indicated that New York is a convenient forum. *See, e.g., Rizzo v. Zalkin*, No. 92 CIV. 6127 (SWK), 1994 WL 114836, at *5 (S.D.N.Y. Mar. 31, 1994) ("the parties have already indicated, by consenting to arbitration here, that New York is a mutually convenient forum"). In fact, both parties' local counsel have already made appearances in SDNY.<br><br>Moreover, an action to confirm an arbitration award should be a summary proceeding, and motions to vacate can only be granted in exceptional circumstances. The competing Petition to Confirm and Motion to Vacate will most likely be decided on the parties' papers. |
| (v) | The possibility of consolidation. | **Favors SDNY**, or at worst is neutral. Meijer's Motion to Vacate can be consolidated with Shire's Petition to Confirm (in fact, a motion to vacate presumably will form a critical component of Meijer's opposition to Shire's Petition to Confirm, which is due on February 5). |
| (vi) | The relative congestion between the transferor and transferee district, including administrative difficulties flowing from court congestion. | **Favors SDNY**. A trial in the Antitrust Litigation in which Meijer filed its Motion to Vacate is currently scheduled to begin on February 16, 2024. There is much to be done by both the Court and the parties to prepare for the trial, including the resolution of several motions to determine an appropriate class representative, forthcoming motions *in limine*, and many other pretrial matters. None of that is relevant to or otherwise implicates Meijer's Motion to Vacate, Shire's Petition to Confirm, or the underlying arbitration proceeding. Keeping the matter here adds yet another wrinkle for this Court to address, irrelevant to the remainder of the Antitrust Litigation as it may be. |
| (vii) | The status of the court's trial calendar. | **Favors SDNY**. See immediately above. |
| (viii) | Practical problems making adjudication easy, expeditious, and inexpensive. | **Favors SDNY**. Shire's Petition to Confirm has already been filed and briefed in SDNY. Meijer's opposition is due on February 5, 2024. If (and when) this Court were to transfer Meijer's Motion to Vacate to SDNY—and thereby resolve any ambiguity as to which court should hear Meijer's Motion and Shire's Petition to Confirm—Shire |

| No. | Factor | Analysis |
|-----|--------|----------|
|      |        | expects that the SDNY would adjudicate the dispute expeditiously. |
| (ix) | Any connection between the forum and the issues. | **Neutral**. On the one hand, this Court previously compelled arbitration and addressed the parties' prior motions to confirm and vacate the Order on Arbitrability. On the other hand, pursuant to the Agreements, ████████████████████████████████████ ████████████████████████████████████ |
| (x) | The familiarity of the forum with the law that will govern the case. | **Neutral**. Both Shire's Petition to Confirm and Meijer's Motion to Vacate should be governed by the Federal Arbitration Act ("FAA"). Presumably, this Court and SDNY are equally familiar with the FAA, which is a federal law. |

### RELIEF REQUESTED

For the reasons above, Shire respectfully requests that the Court enter an Order

(i) transferring Meijer's Motion to Vacate to *Shire LLC et al v. Meijer, Inc. et al*, No. 1:23-cv-

10479-AT (S.D.N.Y.); and (ii) granting such additional or alternative relief as is deemed

appropriate.

Dated: January 16, 2024                    Respectfully submitted,

*/s/ Joshua S. Barlow*
Fred A. Kelly, Jr. (BBO #544046)
Joshua Barlow (BBO #667472)
ARNOLD & PORTER
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
Fred.Kelly@arnoldporter.com
Joshua.Barlow@arnoldporter.com

Michael F. Brockmeyer (pro hac vice)
David S. Shotlander (pro hac vice)
HAUG PARTNERS LLP
1776 I St NW, NW Washington, DC 20006
Telephone: (202) 292-1530
Facsimile: (202) 292-1531
mbrockmeyer@haugpartners.com

dshotlander@haugpartners.com

*Counsel for Shire LLC and Shire U.S., Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document will be filed through the CM/ECF system and thus will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 16, 2024.  I further certify that the a true and accurate copy of the unredacted version of this document will be provided to the Court and served upon counsel of record via electronic mail.


Dated: January 16, 2024                    */s/ Joshua S. Barlow*
                                            Joshua S. Barlow